## COMMONWEALTH *versus* ALANSON GAMMONS.

The law of the road, Revised Stat. *c.* 51, § 1, extends to all places appropriated, either *de jure* or *de facto*, to the purpose of passing with carriages, &c., whether they are so appropriated by public authority or by the general license of the owners thereof, expressed or implied ; and such owners themselves, while using their land as a road, must conform to this law.

THIS was a prosecution commenced in the Police Court of New Bedford, on the complaint of Russell Cundell, against the defendant, for a violation of Revised Stat. *c.* 51, § 1, in not driving his truck to the right of the centre of the travelled part of an alleged road, on meeting with the complainant's wagon, in consequence of which the wagon came in collision with the truck, and sustained some damage. Judgment was rendered against the defendant in that court; and he thereupon appealed to the Court of Common Pleas.

At the trial in the Common Pleas, before *Williams* J., it appeared, that the place where the collision took place, was a passage way upon a wharf, in New Bedford, which had never been laid out as a highway or town-way, and in which the public had no rights except by the sufferance of the owners.

For the purposes of the trial, the judge instructed the jury, that the act with which the defendant was charged, was within the provisions of the statute ; and the jury returned a verdict of guilty. The defendant excepted to this instruction.

*Coffin* and *O. Prescott*, for the defendant, cited *St.* 1820, c. 65 ; *Fales* v. *Dearborn*, 1 Pick. 345 ; *Clark* v. *Commonwealth*, 4 Pick. 126 ; *United States* v. *Sheldon*, 2 Wheat. 119 ; *Daggett* v. *State*, 4 Connect. R. 60 ; *Booth* v. *State*,

VOL. XXIII.

<div style="margin-left-note">Common-<br>wealth<br>v.<br>Gammons.</div>

4 Connect. R. 65 ; *Tuttle* v. *State*, 4 Connect. R. 68 ; *Leon-* ard v. *Bosworth*, 4 Connect. R. 421.

*Austin* (Attorney-General) and *Warren*, (District Attorney,) for the Commonwealth, cited to the point, that the term " road," in the statute, might be taken in its popular sense, to mean any place of public travel, or any place where the security of the citizen required the protection of the statute, 7 Mass. R. 525 ; 11 Pick. 540.

<div style="margin-left-note">*April term*<br>1840, *at*<br>*Taunton.*</div>

SHAW C. J. drew up the opinion of the Court. The single question presented here is, whether the place where the complainant and the defendant met, at the time of the collision, was a road, within the meaning of the statute. It appears that the place in question had not been laid out either as a highway or a town-way, and that the public had no rights in it, except by sufferance of the owners. But whether in point of fact. by the permission of the owners, it was used as a place of travel by others, does not appear.

The case has been argued for the defendant, on the ground, that the word " road" in the statute, must be limited to the use of a highway or town-way, in which the public have a right to pass and repass. But the Court are of opinion that the statute ought not to receive so limited a construction. The words are, " whenever any persons shall meet each . other, on any bridge or road, travelling with carriages," &c. The term " road" is not necessarily limited to a public way ; and there is nothing in the reason or purposes of that law, from which such a limitation can be implied. The object of the law is to prescribe a rule of conduct, for the convenience and safety of those, who may have occasion to travel and actually travel with carriages, on a place adapted to and fitted for travel, and actually used for that purpose, by a public laying out or by the dedication of the owners, or the actual permission and license of the owners, for the time being. That it is to be a place fitted and adapted to travel for carriages, and so distinguishable from open fields, commons or plains, is manifest from the use of the word " road," and also from the provision respecting the travelled part of such road, implying that it is so designated by being wrought by art and labor, to fit it for the purpose, or worn by actual

use. The same reason applies to private roads, actually used, as to public roads, that is, roads to which the public have a permanent right, by laying out by prescription, or by dedication.

Suppose a considerable number of persons should have a private right of way over a road, having estates adjacent thereto ; is it not for their mutual safety and benefit, to have a known rule, to govern them in the enjoyment of this common right ? Yet the owner of the soil, if he chooses, may exclude the public and all those who have not a right to the easement, by grant or prescription. Suppose a person, having a house at the distance of one or two hundred rods from the highway, should make and open a convenient road to it, and open his house as a place of business or amusement, as a tavern or boarding house or school, or even for the general accommodation of visitors and persons bringing supplies to the house, and by a general license and permission so long as it should suit his convenience, should thus tacitly invite all persons to enter and pass up and down his avenue with their carriages ; all the reasons which render a rule of the road useful, salutary and mutually beneficial in public ways, apply with equal force to such an avenue.

The same considerations apply to courts and places in cities, paved and adapted to the purposes of travel, but upon which the owners choose to maintain a gate, to be occasionally closed, to rebut the presumption of a dedication. The owners may close them if they think fit, but when in fact they are open, and all persons are permitted by a general license to use them, they are roads, and the reason applicable to other roads, applies to them. The same rule applies to wharves, on which there are ranges of warehouses, and along which there are usually streets and passages, though all private property.

Upon the construction of the statute the Court are of opinion, that the term, " road," used in the statute without qualification, applies in its ordinary acceptation to a place set apart and appropriated, either *de jure* or *de facto*, to the purpose of passing with carriages, whether by public authority, or by the general license and permission of the owners ; that all the rea-

sons, which induced the legislature to prescribe the rule requiring travellers respectively to turn to the right, extend to all roads so used ; and therefore that it is no defence, on a prosecution for a violation of the statute, to show that the place where the collision took place, was not a public way.

It is argued, that such a construction will trench upon the rights of private property, and the legislature have no power to prescribe the rules, by which individuals shall be governed, in the use of private property. But we think this rule does not impair the rights of private property ; it confers no right of way, in the lands of private owners. They may exclude all persons, if they think fit. But when those owners, by grant or permission or general license, express or implied, do allow their land to be used for a road, the legislature, having a superintending power over the persons and conduct of all the citizens, may prescribe a rule by which they shall use this privilege, whether permanent or temporary, for their mutual safety and convenience.

It is said, that it does not appear, that the defendant was not a proprietor of the land, and so was merely making use of his own property. If he was, we think it would make no difference, if, in point of fact, he and the other owners had, by a dedication of this portion of their land, or by a general license and permission, for the time being, authorized all other persons to use it as a road, and it was so in fact in use, until such permission was withdrawn, by obstructing the passage, or using the land for some other purpose. It was a road *de facto*, and the owners, in using it as such, in common with others so permitted, must conform to the law of the road.

The other question is, whether the place in question was a road actually used as such, by a general permission of the owners ; and this, we think, is a question of fact for the jury. The case does not enable the Court to say whether this was such a road or not, and the jury have not passed upon it. It is even contended in the argument, that it was not a place used for travel, that it was often incumbered and covered with casks and lumber, and that it had no travelled path. Whether it was so or not, does not appear to have been left to the jury, and the facts from which a conclusion on this point could

be drawn, are not agreed by the parties. The Court are of opinion, that it should have been left to the jury, with instructions to find upon the evidence, whether it was a road appropriated and used for the purpose of travelling with trucks and wagons, by those having occasion so to use it, by general license and permission of the owners, either permanently or for the time being ; if it was, it was a road within the meaning of the statute, and the defendant was liable for a violation of the statute, when travelling upon it ; otherwise, it was not a road, and the statute did not extend to it. As it was not so left to the jury, we think the verdict must be set aside, and a new trial granted.

*Remanded to the Court of Common Pleas for trial.*