INHABITANTS OF WINDHAM *versus* CUMBERLAND COUNTY
COMMISSIONERS.

No particular words or form of words are required by the statute in appli-
cations to the County Commissioners for the location of roads; and the
greatest technical accuracy and precision are not to be expected. Nor is it
necessary, that those who are authorized to judge of the necessity and con-
venience of ways should use technical terms in their adjudication and lo-
cation, provided their intention is manifest, and they have jurisdiction of
the subject.

The jurisdiction of that court does not fail, merely because the word, "road,"
instead of highway, is used in the petition or in the record, if an examina-
tion of the whole will show what description of road was intended.

It is not necessary that the road located should be described in the same
language used in the petition therefor. It is sufficient, if there be a sub-
stantial compliance therewith.

County Commissioners, under the Revised Statutes, have power to lay out a
highway wholly within the limits of one town.

THIS case came before the Court upon the petition of the
inhabitants of Windham for a *certiorari,* to the end that cer-
tain proceedings of the County Commissioners locating a high-
way within the limits of that town might be quashed.

The following reasons why the prayer of their petition
should be granted, were assigned.

"*First.* That in the petition of said Frederic Nutting and
others, it does not appear that the petitioners pray for the lo-
cation of a county road, nor does it appear whether the same
is a county road, a town road, or a private way.

"*Second.* The road or way prayed for in said petition does
not lead from town to town, but from one place to another in
the same town, and the termini and the whole course of the
same road, as prayed for and as located, are wholly within the
limits of the town of Windham aforesaid.

"*Third.* It does appear by the same petition, that the road
as prayed for and as located is a town road or private way;
and it does not appear that the selectmen of said Windham,
refused to locate the same; nor does it appear that the select-
men of said Windham located the said road or way, and that
the town of Windham refused to allow or approve of the
same.

"*Fourth.* That said road was not located in compliance with the prayer of the petition aforesaid.

"*Fifth.* The said petition for the road aforesaid, was drawn up and circulated and the petitioners' names were procured by certain inhabitants of said town of Windham and many of the petitioners when they signed the petition supposed they were praying for a road in another place.

"*Sixth.* It appears by the record of the said commissioners' doings, that the inhabitants of said town of Windham, by their agent, appeared at the time and place said commissioners met to view and locate the road aforesaid, appeared and objected and filed their objections in writing to the jurisdiction of said commissioners, to view and locate the same, because the termini and the whole course of the same road were within the limits of the town of Windham aforesaid.

"And the said inhabitants, by their agent, appeared at the December term of said County Commissioners and objected to the jurisdiction of the County Commissioners, over the subject matter of said petition, and filed their objections in writing as before named.

"*Seventh.* Your Petitioners further object to the proceedings of said pretended Court of County Commissioners, because they say that said Charles Hannaford, Richard Greenleaf and Lemuel Rich, 3d, are not duly and constitutionally appointed as a Court of County Commissioners, and therefore have not, nor ever had any authority or legal right to act in that capacity."

The following is a copy of the petition for the location of the road under which the Commissioners acted.

"To the Honorable Court of County Commissioners for the County of Cumberland.

"The undersigned, inhabitants of said County, represent that the public highway, as now traveled from Raymond, Otisfield, Harrison, Bridgeton, and from Oxford county and the North-eastern part of New Hampshire, through those towns towards Portland, is, and has long been a subject of complaint on account of the hills in Windham, especially Windham hill, so called, which presents a very serious obstacle to the public

travel, especially to loaded teams. These objections and complaints would be obviated by the location of a piece of new road, commencing at some point on the present travelled road, near Abram Anderson's in Windham, and passing on the most convenient and practicable route easterly of Windham hill, and intersecting the present traveled road at some point in the vicinity of the lower corner in said Windham. We therefore pray that after due proceedings had, a road may be located and opened on the route above mentioned.

" Frederick Nutting and eighty-eight others.

" May 12, 1844."

Arguments in writing were furnished to the Court by

*Eveleth,* for the inhabitants of Windham — and by

*Augustine Haines,* for the original petitioners.

The opinion of the Court was drawn up by

TENNEY J. — The petition, under which the respondents undertook to locate and establish the way in question, represented that the public highway, as traveled from Raymond and other towns mentioned, and the Northern parts of New Hampshire, through those towns to the city of Portland, was subject to great complaint on account of certain hills in Windham, especially Windham hill, so called ; and the petitioners pray that a new road, commencing at some point on the present traveled road, near Abraham Anderson's in Windham, and passing on in the most convenient and practicable route, easterly of Windham hill, and intersecting the present traveled road at some point in the vicinity of the lower corner of said Windham (being wholly in said town of Windham) may be located and opened. After the usual proceedings, the County Commissioners adjudged the road to be of common convenience and necessity ; and the record particularly describes the courses and distances of the same, which was located accordingly.

The application now before us is for a writ of *certiorari* to bring the records of the proceedings of the County Commissioners, touching the road in question, before this Court, and

that the same may be quashed. Several objections to the correctness of the course pursued by the respondents, as disclosed by the record, are relied upon. One is, that in the petition praying for the location of the road, it does not appear that the object of the prayer was a county road.

In common parlance the term "road" is a generic term, comprehending "county roads," "town roads," "turnpikes," "private ways" and perhaps others; and to determine what kind of a way is sought to be located, it is proper to look at the whole petition together. No particular words or form of words are required by the statute in such application, and the greatest technical accuracy and precision is not to be expected. Neither is it necessary that those who are authorized to judge of the necessity and convenience of ways should use technical terms in their adjudication and location, provided their intention is manifest, and they have jurisdiction of the subject; this jurisdiction does not fail because the word "road" instead of "highway" is used in the petition or the record.

If the way prayed for, was one which the County Commissioners were authorized on a proper petition to lay out and establish, the language used in this petition was sufficient to empower them to act.

Another ground relied upon, to entitle the present petitioners to the writ prayed for, is, that the way was not located according to the prayer of the petition to the County Commissioners. It is not necessary that the Commissioners should describe the way located in the same language used in the petition, provided there is a substantial compliance therewith. Where the road in the petition is indicated by general terms, and when it is not undertaken therein to point out the exact route, the description in the petition alone would show no location, which could be afterwards found. The petition under which the Commissioners acted in this case does not point out precisely either *terminus* or the courses and distances in the route. The record shows that the road prayed for, was adjudged to be of common necessity and convenience, and the Commissioners proceeded to locate "the road." There is

nothing showing that the way was not laid out as prayed for, and by the record it is to be understood, that there was not a departure from the way as prayed for.

It is denied, that the County Commissioners have jurisdiction in a case where the way prayed for is wholly within the limits of one town. This question was before the Court in the case of *Harkness* v. *Co. Commissioners of the county of Waldo,* 26 *Maine R.* 355 ; and it was held that the statutes, construed according to well settled rules, conferred upon County Commissioners the jurisdiction exercised by the respondents in this case.

Other objections were presented, which are involved in the points, herein discussed, or not relied upon in the argument.

*Writ denied and petition dismissed.*