JOHN WEAVER, APPELLEE, V. DAWSON COUNTY MUTUAL TELEPHONE COMPANY, APPELLANT.

FILED NOVEMBER 19, 1908. No. 15,382.

1. **Telephones: ROAD CROSSINGS.** The words "all road crossings," as used in the second proviso of section 11963, Ann. St. 1907, refers to private as well as public roads.

2. ——: INJURY: NEGLIGENCE. A telephone company is guilty of negligence when it places its telephone wires only 13 feet above a road crossing, and permits such wires to become slack and to sag until they interfere with legitimate travel, when the statute requires such wires to be placed 20 feet above the road crossing.

3. ———: ———: CONTRIBUTORY NEGLIGENCE. A person traveling along a road that is crossed by a telephone line is not bound to anticipate danger at such crossing, and is not required to examine or look to see if there is danger before passing under such wire.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Warrington & Stewart,* for appellant.

*E. C. Cook, contra.*

GOOD, C.

This is an action to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The defendant denied negligence upon its part, and pleaded contributory negligence on the part of the plaintiff. The plaintiff had judgment, and the defendant has appealed.

The question presented by this appeal is the sufficiency of the evidence to sustain the verdict. The defendant contends that the evidence does not justify a finding that it was guilty of negligence, and requires a finding that the plaintiff was guilty of contributory negligence. The negligence of which the plaintiff complains was that defendant constructed and maintained its telephone line over a road crossing at a height less than the statute requires, and that defendant permitted its telephone wire to become slack and to sag where it crossed a road, until the wire was so near the ground as to interfere with persons traveling along said road. From the evidence it appears that plaintiff had been engaged in hauling hay over the road in question. In this work he used a team and wagon with a hay-rack thereon. In the middle of the front end of the hay-rack there was a line pole constructed of a piece of scantling two inches by four inches in size. This was bolted to the front end of the hay-rack, and its top reached 10 feet from the ground. As plaintiff was traveling along the road in question, the upper portion of the line pole struck against

the wire. The line pole was broken off and struck the plaintiff on the head, fracturing his skull and inflicting severe injuries. It appears that defendant's telephone wire where it crossed the road was originally strung 12 or 13 feet above the ground, and that by reason of the wind and storms the wire had become slack and sagged until it was less than 10 feet at the place where plaintiff received his injuries. The telephone line was constructed along and over a public highway. Section 11963, Ann. St. 1907, reads as follows: "That any telegraph or telephone company incorporated or doing business in this state shall be and is hereby granted the right of way along any of the public roads of the state for the erection of poles and wires; provided, that poles shall be set at least six feet within the boundary line of said roadway, and not placed so as to interfere with road crossings; provided, that said wires shall be placed at the height of not less than twenty feet above all road crossings." The defendant's right to construct its telephone line along the highway is derived from this section, and the question as to whether or not the defendant was negligent depends upon the meaning of the latter portion of said section, which requires the wires to be placed at a height of not less than 20 feet above all road crossings. The defendant contends that this applies only to public roads or highways, while the plaintiff contends that it applies to all roads either public or private. It is stipulated that the road in question is not "a public laid out road." The evidence is overwhelming that the road was a well-defined track that had been used by the general public in that vicinity for many years, and the evidence is probably sufficient to justify a finding that a public road had been established by user, but it is not necessary to determine that question. It will be apparent that all the reasons which would require telephone and telegraph wires to be placed 20 feet above the ground where they crossed highways would exist for requiring the placing of wires the same distance above the

ground where they crossed private roads that were in general use. The only difference would be one of degree. The word "road" is a generic term, and when unqualified is sufficiently comprehensive to include highways, public roads, private roads, streets and lanes. It is sufficient to include both roads laid out by public authority and private roads used by the license or permission of the owners of the land over which they run. *Commonwealth v. Gammons*, 40 Mass. 201; *Jaquith v. Richardson*, 49 Mass. 213; *Stokes v. County of Scott*, 10 Ia. 166; *Inhabitants of Windham v. Cumberland County Commissioners*, 26 Me. 406; *People v. Commissioners of Buffalo County*, 4 Neb. 150. We think the legislature in using the language that said wire "shall be placed at a height of not less than twenty feet above all road crossings" used the word "road" in its generic sense, and did not intend thereby to limit it to public highways. A close inspection of the section of the statute quoted strengthens this view. The right of way is granted along any of the *public roads* of the state for the erection of poles and wires, while that part of the section relating to road crossings is not limited to public highways or public roads, but applies to *all road crossings*. It follows that the defendant was violating the statute in placing its telephone wires no more than 12 or 13 feet above the road crossings in question; and that it permitted its wires so placed to become slack and sag until they would interefere with persons using the road in an ordinary and proper manner was sufficient to justify the jury in finding that the defendant was negligent.

The defendant contends that it was the duty of the plaintiff, when approaching the place where the telephone line crossed the road, to have looked and examined the wires before attempting to drive under, and that his failure to do so constituted contributory negligence. This contention is not well founded. Driving along a road under a telephone or telegraph wire, properly constructed, is not attended by any danger. It is unlike crossing a railroad where a train is liable to pass at any time, and

the rule which would require a person about to cross a railroad to stop and look before so doing has no application to a person driving along either a public or private road which is crossed by telephone or telegraph wires. The plaintiff did not observe that the wire was down or that it was likely to strike his hay rack. Within a few days previous to the accident he had hauled a number of loads of hay over the same road, and he had experienced no interference or trouble with the defendant's wire. He was under no obligation to anticipate any danger or to stop and look and examine defendant's wires. The evidence was wholly insufficient to justify a finding of contributory negligence, much less requiring such a finding.

There is no apparent error in the record, and the judgment of the district court should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.