LON F. BYRD, *Sheriff, etc., v.* LON F. BYRD, *Administrator, etc., et al.*

(CC 621)

Submitted January 30, 1940.   Decided February 27, 1940.

*E. L. Phillips* and *Worrell & Worrell,* for plaintiff.
*Hartley Sanders,* for defendants.

FOX, JUDGE:

The circuit court of Wyoming County sustained a demurrer to the declaration in this action, and on its own motion certifies its ruling to this court.

The declaration filed by Lon F. Byrd, sheriff of Wyoming County, who sues at the relation of Elda Roberts, alleges that Enoch White, who was deceased at the time of the institution of the action, went upon the enclosed lands and premises of Roberts, without authority of law, armed with a pistol and revolver, and while thereon unlawfully shot the plaintiff, causing him great bodily injury, pain, and anguish. Lon F. Byrd, administrator of the personal estate of Enoch White, deceased, and the Fidelity and Deposit Company of Maryland are named as defendants therein. White at the time of the alleged injury to the plaintiff was a deputy sheriff, and, together with the Deposit Company, had executed a bond to Lon F. Byrd, sheriff, conditioned upon the faithful performance of the duties of his position.

The demurrer filed by the defendants is based upon two grounds: (1) the declaration shows on its face that

Enoch White was dead at the date of the institution of the action; that plaintiff's cause of action did not survive the death of White; and that inasmuch as the cause of action could not be asserted against the personal representative of White, the Fidelity and Deposit Company could not be held under the bond in which he was principal; (2) the declaration failed to allege any breach of duty on the part of Enoch White toward the plaintiff.

The declaration is in the usual form, and we think the breach of duty and the character of the wrong complained of, are sufficiently alleged. The right of the plaintiff to institute suit after the death of Enoch White is the real question involved herein.

It is clear that under the common law all personal actions died with the person, but, through statutes and otherwise, many exceptions to the rule have developed, one being that actions for injuries to the personal estate of a decedent, or by a decedent to the personal estate of another, survive death. The rule, however, remains in full force in this state with respect to personal injuries, false imprisonment, slander and other actions affecting the person, with the single exception of what is known as Lord Campbell's Act, which, with slight variations, has existed in this state since its formation, Code, 55-7-5, and under which an action against a wrongdoer whose act has caused the death of a person survives to the personal representative of the decedent. The cases of *Curry* v. *Town of Mannington,* 23 W. Va. 14, and *Flint* v. *Gilpin,* 29 W. Va. 740, 3 S. E. 33, clearly define the common law rule with respect to purely personal actions.

However, it is contended that the amendment to this act, Chap. 20, Acts of the Legislature 1931, Michie Code 1937, 55-7-5, and which added the following sentence to the existing statute:

> "Any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such

> personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party."

justifies the present action.

We are unable to give this construction to the amendment. It was, in our opinion, clearly intended to apply to cases of wrongful death and not to personal injuries which do not produce death. As to such injuries, we think the common law rule still prevails, and a right of action thereon does not survive the death of the wrongdoer. We are of the opinion that the expression "by reason of such injury done to the person of another" means an injury resulting in death, previously referred to in the section, and that the sole and only purpose of the amendment was to cause an action for wrongful death to survive as against the personal representative of the wrongdoer.

There is another rule which we think bears upon the construction to be given the amendment to Lord Campbell's Act. The title of the amendatory enactment is "An Act to amend and reenact section five, article seven, chapter fifty-five, of the revised code of West Virginia, one thousand nine hundred thirty-one, relating to actions for wrongful death." Under this title there is no place for legislation relating to anything other than actions for wrongful death, and it must be assumed that the legislature did not intend to include matters not within the title of the act. Constitution, Art. VI, Sec. 30.

The plaintiff suggests that *Marshall v. Conrad,* 118 W. Va. 321, 191 S. E. 553, indicates a different interpretation of Lord Campbell's Act as amended. In that case the court was considering an action for personal injuries resulting from an automobile accident in the state of Pennsylvania. The plaintiff sued the administrator of the alleged wrongdoer in this state under a statute of Pennsylvania which plainly authorized such an action in that state. The case was admittedly instituted under the Pennsylvania statute,

its provisions applied as controlling the decision, and the statutes of this state, relating to the survival of actions, were not involved. However, in discussing the Pennsylvania statute an expression " (There is a similar West Virginia statute. Code 1931, 55-7-5)" was used. Code, 55-7-5 is, in some respects, similar to the statute of Pennsylvania above mentioned, but not identical. We do not consider the parenthetical reference to our statute as having the force of a decision interpreting the same. It is quite clear that this court was not called upon in the *Marshall* case to analyze the statute referred to, and did not do so, and we feel free to pass upon it notwithstanding the expression quoted above.

It is contended by the plaintiff that even if Code, 55-7-5 does not authorize the present action as one based on tort, the Fidelity and Deposit Company is liable under its bond on the basis of a contract. We think the weight of authority is that even though the action, in addition to its delictual basis, rests upon the contractual elements embodied in the bond the common law rule as to survival of the action applies, in the absence of express statutory provisions limiting the same, both as to the principal in a bond and the surety thereon. *Flint* v. *Gilpin, supra; Grub's Admr.* v. *Sult,* 32 Gratt. Va. 203, 34 Am. Rep. 765; *Kuhn* v. *Brownfield,* 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700; *Birmingham* v. *C. & O. Ry. Co.,* 98 Va. 548, 37 S. E. 17; *Melvin* v. *Evans,* 48 Mo. App. 421; *Tuttle* v. *Short,* 42 Wyo. 1, 288 Pac. 524, 70 A. L. R. 106 and note 122. In the *Tuttle* case it was held that the right of action for the wrongful death of a person under arrest, caused by a sheriff's breach of duty, did not survive the death of the sheriff, and justify the maintenance of a suit against the personal representative of the sheriff and the surety on his bond. This was an action for wrongful death, which in Wyoming does not survive the death of the wrongdoer, but the rule as to holding the surety under the bond applies to the case before us. We think no other rule can reasonably be followed, because if the common law rule that such actions do not survive as to the wrongdoer is to be enforced, it will

not do to permit suit against a surety on a bond, with possible recovery thereon, and the consequent right of the surety to enforce liability on the estate of the deceased principal, the effect of which would be to hold the estate accountable for an action which did not exist as against it.

The ruling of the circuit court is affirmed.

*Affirmed.*