SALLY H. HEREFORD

*v.*

JOHN B. MEEK, *Executor, Etc.*

(CC 742)

and

W. D. HEREFORD

*v.*

JOHN *B.* MEEK, *Executor, Etc.*

(CC 743)

Submitted January 12, 1949.   Decided

March 1, 1949.

374

KENNA, JUDGE, dissenting.

*Okey P. Keadle* for plaintiffs.

*Scherr, Meek & Vinson* and *J. W. Fitchett,* for defendant.

Haymond, President:

These two cases were certified to this Court by the Circuit Court of Cabell County on its own motion. By agreement of counsel and leave of this Court they have been argued and submitted for decision together and, as the controlling question is identical in each, they are dealt with in one opinion. In one of them the plaintiff,

Sally H. Hereford, seeks to recover from the defendant, John B. Meek, executor of the last will of Robert R. Steele, deceased, damages for personal injury which she alleges was caused by the negligence of Steele, prior to his death, in the operation, by his servant, of an ambulance owned by him and in which she was being transported from her home to a hospital in Huntington, on April 5, 1946. In the other case, the plaintiff, W. D. Hereford, who is the husband of Sally H. Hereford, prosecutes a claim against the same defendant for the liability incurred and the money expended by the plaintiff in the necessary medical treatment of her injury.

Steele died testate on September 22, 1946, and the defendant qualified as his executor on September 26, 1946. Each action was instituted on November 28, 1947, and the declaration in each was filed at December Rules, 1947, of the Circuit Court of Cabell County, at which time the defendant filed a plea of the statute of limitations of one year in each case. At the January, 1948, regular term of the circuit court, the defendant craved oyer of the writ and entered his written demurrer to the declaration in each case. The plaintiff in each case filed a demurrer to the plea of the statute of limitations of the defendant. The circuit court, a special judge sitting in lieu of the regular judge who considered himself disqualified to act because of his relationship to the plaintiffs, in each case overruled the demurrer of the defendant to the declaration, sustained the demurrer of the plaintiff to the plea of the statute of limitations, and certified those rulings to this Court.

The question presented by the certificate in each case is whether Chapter 2, Acts of the Legislature of West Virginia, Regular Session, 1945, amending and reenacting Section 8, Article 7, Chapter 55 of the Code, 1931, which deals with an action for personal injuries and provides that "any right of action which may hereafter reason of any injury done to the person of another, and

not resulting in death by the wrongful act, neglect or default of any person, shall survive the death of the wrongdoer and may be enforced against his executor or administrator", extends the period of limitations within which an action for damages may be maintained by a person who sustains personal injury or suffers loss as a result of such injury, from one year to five years after the cause of action accrues when, following such injury, the wrongdoer dies.

Solution of this troublesome question, which is of first impression in this State and which also appears not to have been judicially determined in Virginia, where the substance of the foregoing statute was earlier enacted, requires consideration of the meaning and the effect of its applicable provisions and of the provisions of Section 12, Article 2, Chapter 55 of the Code, 1931, which last mentioned statute deals generally with limitations of personal actions.

In West Virginia since the year of its formation, and in Virginia since 1871, a statute patterned after the legislation passed by the British Parliament August 26, 1846, known as Lord Campbell's Act, Statutes at Large, 1846, 9 and 10, Victoria, Chapter 93, gave a cause of action to the personal representative against any person who wrongfully caused the death of his decedent. As originally enacted in this State, it created a cause of action in favor of the personal representative of the deceased person against the wrongdoer who caused his death but it made no provision for the survival of the action against the personal representative of the wrongdoer in the event of the death of the wrongdoer. This statute, as incorporated in the Code of 1931, appeared as Sections 5 and 6, Article 7, Chapter 55 of that Code. By an amendment, Chapter 20, Acts of the Legislature, 1931, Regular Session, the right of action was preserved in favor of the personal representative of the person whose death resulted from the wrongful act against the

personal representative óf the deceased wrongdoer. An additional statutory provision was placed in the Code of 1931, as Section 8, Article 7, Chapter 55, which, as originally enacted, was couched in this language: "Where an action is brought by a person injured for damage caused by the wrongful act, neglect, or default of any person or corporation, and pending the action the person injured dies *from the injury caused by such wrongful act, neglect, or default,* the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under the said sections. But in such case there shall be but one recovery for the same injury. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable." (Emphasis supplied.) The provision just quoted, except its two concluding sentences, followed substantially the language of an earlier statute of Virginia, Section 2906, Code of Virginia, 1887, which existed in that State until it was amended in January, 1894.

The foregoing statutes of this State dealt only with an injury to a person caused by the wrongful act, neglect or default of another which caused the death of the injured person, whether before or after the institution of an action for damages for an injury which resulted in his death; and Section 8, as originally enacted, quoted above, was held by this Court to apply only to a personal injury which caused the death of the injured person, *Byrd v. Byrd,* 122 W.Va. 115, 7 S.E. 2d 507. Under these statutes, and their substantial counterparts in Virginia, the decisions of this Court and of the Supreme Court of Appeals of that State are to the effect that the

cause of action for damages for wrongful death was a new and different cause of action from that which arose from the injury to the injured person and that such new cause of action was created and conferred by the wrongful death statutes. *Burgess, Adm'r. v. Gilchrist,* 123 W.Va. 727, 17 S.E. 2d 804; 804, 138 A.L.R. 676 *Swope, Adm'r. v. Keystone Coal and Coke Company,* 78 W.Va. 517, 89 S.E. 284, L.R.A. 1917A 1128; *Richards, Adm'r. v. Riverside Iron Works,* 56 W.Va. 510, 49 S.E. 437; *Hoover's Adm'x. v. Chesapeake and Ohio Railway Company,* 46 W.Va. 268, 33 S.E. 224; *Curry v. Town of Mannington,* 23 W.Va. 14; *Birmingham v. Chesapeake and Ohio Railway Company,* 98 *Va.* 548, 37 S.E. 17; *Anderson v. Hygeia Hotel Company,* 92 Va. 687, 24 S.E. 269. See also *Ruebush v. Funk,* 63 Fed. 2d 170. It is now provided in both States, by statute, and it has been held, that only one recovery for the same injury may be had, either in an action to recover damages for the injury, instituted before the death of the injured party, or in an action under the wrongful death statutes to recover damages for the death of the injured person. *Brammer's Adm'r. v. Norfolk and Western Railway Company,* 107 Va. 206, 57 S.E. 593.

Up to this stage in the chronological order of their enactment in both this State and Virginia the statutes referred to and quoted from dealt only with the subject of wrongful death which resulted from the personal injury sustained by the person by whom or for whose benefit an action was instituted for the recovery of damages. In January, 1894, however, in Virginia, and in 1945 in this State, by amendments, the provisions of the earlier statutes were materially changed and broadened. Instead of dealing only with a personal injury which resulted in death, the amendment of 1894 in Virginia provided that the right of action under Sections 2902 and 2903, they being the wrongful death statutes in the Code of Virginia of 1887, "shall not determine, nor the action when brought, abate by the death of the

defendant, or the dissolution of the corporation, when a corporation is the defendant; and when an action is brought by a party injured, for damages caused by the wrongful act, neglect, or default of any person or corporation, and the party injured dies pending the action, the action shall not abate by reason of his death, but his death being suggested, it may be revived in the name of his personal representative." Chapter 88, Section 1, Acts of the General Assembly of Virginia, 1893-94. By this amendment the scope of the prior legislation was extended to cover the situation in which an injured person had instituted an action to recover damages for his injury but who died pending the action from a cause other than the injury and to provide that the pending action should not abate but could be revived in the name of his personal representative.

The foregoing provisions of the amendment were considered by the Supreme Court of Appeals of Virginia with respect to their effect upon the statute of limitations for personal actions in that State, which is identical in language with that of this State, Code, 1931, 55-2-12, in the case of *Birmingham v. Chesapeake and Ohio Railway Company,* 98 Va. 548, 37 S.E. 17. In that case the plaintiff instituted an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The action was not brought within one year from the time the cause of action arose. The defendant pleaded the one year statute of limitations which the plaintiff contended, because of the amendment, did not apply. The Court held that the provisions of the foregoing amendment did not extend the period within which the action must be instituted from one year to five years. In disposing of this issue the opinion uses this language:

"The question presented involves a construction of the statute quoted, it being contended that this amendment makes all actions for personal injuries revivable, and

therefore, under the provisions of Section 2927" (the statute dealing generally with limitations of personal actions) "the period of limitations to such actions is extended to five years.

"The amendment in question is somewhat obscure. The language, however, does not warrant the conclusion that the intention was to make such a radical change in the law as that suggested by the present contention. The object intended to be accomplished was, we think, to give the right of revival in cases where the plaintiff died pending the action, without regard to the cause of death. Before the amendment an action to recover· damages for personal injuries could not be revived except in those cases where the plaintiff died as a result of the injuries complained of; whereas, under the law as amended, if the plaintiff died pending the action, no matter from what cause, the action may be revived. The amendment was not intended to change or affect the period of limitations to actions for personal injuries, and such actions must, as heretofore, be brought within one year next after the right to bring the same shall have accrued."

It will be observed that the language just quoted to the effect that the amendment was not intended to change or affect the period of limitations to actions for personal injuries is general and simply states that conclusion. It does not analyze or discuss in detail the terms of the statute and it is not supported by any citation of authority. It seems inconsistent to state, as the quotation does, that the amendment prevents the abatement of a pending action and permits its revival after the death of the plaintiff which necessarily implies that the original cause of action survives the death of the plaintiff, and that the one year period of limitations applies to an action of that character. That decision, however, has been followed and cited with approval by the Virginia Court and represents the law of that State, after the

amendment of 1894 became effective, with respect to an action for personal injury in which the plaintiff did not die during the pendency of the case. The action involved in that case was between a plaintiff, who sustained personal injury and survived the duration of the litigation, and an existing corporate defendant; and no specific question concerning the revival of the action, within the provisions of the amendment or the applicable statute of limitations in the event of the death of the plaintiff, was presented for decision. It is interesting to note, however, that the same Court, in the later case of *Watson v. Daniel*, 165 Va. 564, 183 S.E. 183, in considering the applicability of the five year period of limitations for a personal action for a matter of such nature that in case a party die it can be brought by or against his representative, held that an action by a parent against a negligent person for the expense of medical treatment of his injured child and for damages for the loss of its services was governed by the five year statute of limitations as an action for pecuniary loss suffered by the estate of the parent and as such could be brought by his personal representative in the event of the death of the parent. The holding in the *Watson* case that the action survived the death of the person to whom it had accrued is contrary to the conclusion reached by this Court in *Barker v. Saunders*, 116 W.Va. 548, 182 S.E. 289, that the same kind of an action as that dealt with in the *Watson* case was dependent upon personal injury and was subject to the one year statute of limitations. The *Barker* case will be referred to and discussed later in this opinion in connection with the right of action involved in the action brought by the plaintiff, W. D. Hereford.

An additional amendment to the wrongful death statutes was adopted in Virginia in 1928, which further enlarged the scope of the amendment of 1894, and provides that "any right of action which may hereafter accrue by reason of any injury done to the person of

another, and not resulting in death, by the wrongful act, neglect, or default of any person, shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death whether or not the death of the wrongdoer occurred before or after the death of the injured party." Chapter 446, Section 1, Acts of the General Assembly of Virginia, 1928. It does not appear that the Supreme Court of Appeals of Virginia, in any reported case, has determined the effect of the foregoing provisions with respect to the period within which an action may be brought by a person who sustains personal injury caused by a wrongdoer who dies after causing the injury. The reasoning of that Court, however, as expressed in the above quotation from its opinion in the *Birmingham* case, indicates that the five year period of limitations would not be held to apply to the right of action of a person who is injured in his person by a wrongdoer who subsequently dies, which by the terms of the amendment of 1928, heretofore quoted, is expressly declared to survive the death of the wrongdoer. See *Birmingham v. Chesapeake and Ohio Railway Company*, 98 Va. 548, 37 S.E. 17; *Anderson v. Hygeia Hotel Company*, 92 Va. 687, 24 S.E. 269; *Beavers' Adm'x. v. Putnam's Curator*, 110 Va. 713, 67 S.E. 353. Despite this apparent attitude of the Virginia Court, the view that, under the amendment of 1894, the right of action of a plaintiff who has sustained an injury to his person and who dies while it is pending survives his death is supported by statements in the opinion of the District Court of the United States for the Western District of Virginia in the case of *In re Funk*, 2 Fed. Supp. 555, and in an article by the late Professor Charles A. Graves in XV, Virginia Law Register, 825. In the *Funk* case the Court said: "It is true that if the plaintiff, who has sued for a tortious bodily injury, died pendente lite from some cause other

than his injury, his action survives. He has not died a wrongful death. No new action arises; but his same action, for the injury, continues." On the same subject Professor Graves uses this language: "Suppose, then, the injured person institutes an action for damages, and dies pending the action from a disease, say smallpox, in nowise connected with, or caused by, his injury. Then, by Section 2906, as above construed, the action can be revived in the name of the administrator, and continue to judgment; but manifestly, as there has been no *death* by the defendant's wrongful act, the revived action must be the continuation in all respects of the common-law action already begun by the deceased for damages for his injury, irrespective of death. Hence such action would not come under the 'death by wrongful act' statute; and the recovery of damages (if any) would be assets of the deceased's estate and liable for his debts, the recovery not being limited to $10,000, and going, after payment of debts, to the next of kin by the statute of distributions."

The substance of the foregoing amendments of 1894 and 1928 to the wrongful death statutes in Virginia was not incorporated in any statute of this State until 1945. In that year, by Chapter 2, Acts of the Legislature, Regular Session, 1945, Section 8, Article 7, Chapter 55 of the Code of West Virginia, 1931, was amended and reenacted to consist, in its entirety, of these provisions: "Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under said sections. But in such case there shall be but one recovery for the same injury.

And any right of action which may hereafter accrue by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, neglect or default of any person, *shall survive the death of the wrongdoer and may be enforced against his executor or administrator,* either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable." (Emphasis supplied.)

The first sentence of the foregoing amendment, dealing with a pending action brought by a person who had sustained bodily injury and who dies from a cause other than the injury, and which declares that such action shall not abate by reason of the death of the injured person but may be revived in the name of his personal representative, was considered and applied in a case recently decided by this Court. *City of Wheeling ex rel. Carter v. American Casualty Company,* 131 W.Va. 584, 48 S.E. 2d 404. In that case this Court held that the effect of the language of the first sentence of the amendment was to preserve the right of the injured person, who had instituted an action for damages for personal injury and died from a cause other than the injury while the action was pending, to his personal representative to the extent that he could revive and prosecute it to final judgment and, in that particular, modified the common-law rule that an action for personal injury ends with the death of the person whether he receives or commits the injury. That portion of the amendment in effect keeps alive the original cause of action which accrued to the injured person from the wrongful injury and when his death does not

result from the injury, the action, as well as the right on which it is based, is separate and distinct from the cause of action created by the statutes which deal with the wrongful death of the injured party. As there has been no death resulting from the act of the wrongdoer, those statutes do not apply. This view accords with that expressed in the statement in the case of *In re Funk*, and in the article by Professor Graves referred to and cited earlier in this opinion. See also *Birmingham v. Chesapeake and Ohio Railway Company*, 98 Va. 548, 37 S.E. 17.

The third sentence of the amendment applies to and governs the issues involved in these cases. It affects, as does the first sentence, a situation in which there has been no wrongful death of the injured person. For that reason the wrongful death statutes do not apply to either of the pending actions. In one the plaintiff has sustained personal injury caused by the act of the wrongdoer; in the other the plaintiff has suffered a pecuniary loss resulting from and based upon the personal injury of his wife. The wrongdoer whose act is alleged to have caused the injury died before the institution of either action. In each instance the right of action dealt with by the third sentence of the amendment is the original cause of action which accrued to each plaintiff in the lifetime of the wrongdoer as the result of his alleged wrongful act in causing personal injury. The express provision of the statute is that the right of action which may accrue by reason of a personal injury shall survive the death of the wrongdoer and may be enforced against his executor or administrator. This language is clear and unambiguous and it must be given its usual and ordinary meaning and effect. The word "survive" in the statute is used as a transitive verb form and, as so used, its meaning is stated in these quotations: "To live beyond the life or existence of; to live longer than; to outlive; outlast the end of; as, to *survive* a person, a disaster, or one's period of usefulness.", Webster's New Inter-

national Dictionary, Second Edition, Unabridged, 1940, page 2540; "To continue to live or exist beyond the life, or existence of;", Black's Law Dictionary, Third Edition, page 1690.

When a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the courts. *State ex rel. Department of Unemployment Compensation v. Continental Casualty Company,* 130 W.Va. 147, 42 S.E. 2d 820; *State ex rel. McLaughlin v. Morris,* 128 W.Va. 456, 37 S.E. 2d 85. If the legislative intent is clear, the courts should give the unambiguous language of a statute full force and effect, and should not attempt to read into the provision a meaning which is not intended. *Barnhart v. State Compensation Commissioner,* 128 W.Va. 29, 35 S.E. 2d 686; *State v. Conley,* 118 W.Va. 508, 190 S.E. 908. The intent of the Legislature, when it plainly appears, must govern. *Pettry v. State Compensation Commissioner,* 111 W.Va. 409, 163 S.E. 16; *State v. Crawford,* 83 W.Va. 556, 98 S.E. 615. A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute express the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute must be applied, and

not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." 50 Am. Jur., Statutes, Section 225. The words of a statute are to be given their ordinary and familiar significance and import and they should be accorded their general and proper use and their usual and common acceptation. *Slack v. Jacob,* 8 W.Va. 612; *Daniel v. Simms,* 49 W.Va. 554, 39 S.E. 690; *Waldron v. Taylor,* 52 W.Va. 284, 45 S.E. 336; *State ex rel. Herald v. Surber,* 83 W.Va. 785, 99 S.E. 187; *Moran v. Leccony Smokeless Coal Company,* 122 W.Va. 405, 10 S.E. 2d 578, 136 A.L.R. 1007; *Board of Education v. Hudson,* 112 W.Va. 365, 164 S.E. 296; *Norfolk and Western Railway Company v. Mingo County Court,* 123 W.Va. 461, 15 S.E. 2d 574; *Miners in General Group v. Hix,* 123 W.Va. 637, 17 S.E. 2d 810; *State ex rel. Department of Unemployment Compensation v. Continental Casualty Company,* 130 W.Va. 147, 42 S.E. 2d 820; *Superior Steel Corporation v. Commonwealth,* 147 Va. 202, 136 S.E. 666; *Chandler v. Peninsula Light and Power Company,* 152 Va. 903, 147 S.E. 249; *Chesapeake and Ohio Railway Company v. Hewin,* 152 Va. 649, 148 S.E. 794; *Franklin & P. Railway Company v. Shoemaker's Committee,* 156 Va. 619, 159 S.E. 100; *City of Richmond v. Grand Lodge of Virginia, A. F. & A. M.,* 162 Va. 471, 174 S.E. 846; *Simpson v. Simpson,* 162 Va. 621, 175 S.E. 320, 94 A.L.R. 909; *Fairbanks, Morse and Company v. Town of Cape Charles,* 144 Va. 56, 131 S.E. 437; *Watkins v. Hall,* 161 Va. 924, 172 S.E. 445.

If effect be given to these widely recognized and firmly established rules of statutory construction, the conclusion necessarily follows that the Legislature, by the use of plain and explicit words which must be given their usual and ordinary meaning, intended, in declaring that the right of action mentioned in the third sentence of the amendment accruing by reason of personal injury should survive the death of the wrongdoer and could be enforced against his executor or administrator, to place

such right of action within the scope of the provision of Code, 55-2-12, that "Every personal action for which no limitation is otherwise prescribed shall be brought five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative", and to remove it from the operation of the succeeding provision of the same section that "if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after". The third sentence of Section 8, as amended and reenacted by Chapter 2, Acts of the Legislature, Regular Session, 1945, and Section 12, Article 2, Chapter 55, Code, 1931, when read and considered together, operate to extend the period of limitations in which to enforce the right of action mentioned in the former, in the event of the death of the wrongdoer, against his executor or administrator, as provided by its terms, from one year to five years next after the right to bring a personal action of that character shall have accrued. Though the Legislature, in enacting the amendment may not have realized or foreseen the result of its action in that respect, it is presumed to be familiar with "all existing law", constitutional, statutory or common, applicable to the subject matter, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385, and it has, by clear, explicit, and unambiguous language, which must be given its usual and ordinary significance and meaning, expressed its intention to accomplish that result. Its power to do so must be recognized, and its enactment given full force and effect, by the courts. If its exercise of that power cause an undesirable result, the remedy lies with the Legislature, whose action has produced it, and not with the courts. The question of dealing with the situation in a more satisfactory or desirable manner is a matter of policy which calls for legislative, not judicial, action.

The language of the fourth sentence of the section of the statute, as amended in 1945, supports the conclusion

reached, that the applicable provision of the amendment operates, in conjunction with the five year limitation provision in Code, 55-2-12, to extend the period of limitations, for bringing an action arising by reason of an injury done to the person of another and not resulting in death by the wrongful act, neglect or default of any person, in the event of the subsequent death of the wrongdoer, from one year to five years next after such right of action accrues. That sentence is in these words: "Nothing contained in this section shall be construed to extend the time within which an action for any *other* tort shall be brought, nor give the right to assign a claim for a tort not otherwise assignable." (Emphasis supplied.) This provision was included in Section 8 when it was first enacted and when its scope was limited to an action for personal injury which resulted in the wrongful death of the injured person. See Code, 1931, 55-7-8. Another section of the wrongful death statutes then required, as it now does, that an action for wrongful death be commenced within two years after the death of the deceased person, Code, 1931, 55-7-6; and the initial insertion of the provision just quoted was for the purpose of indicating clearly that the wrongful death statutes should not be construed to extend the period within which an action for any tort other than wrongful death could be brought. Its effect was to continue the application of the one year statute of limitations for all personal actions which did not survive the death of the person to whom such an action should accrue and not to restrict or shorten the two year period provided by the statute within which to commence an action for wrongful death.

In reenacting the last quoted provision in its original form, by the amendment of 1945, and without changing it to include the right of action accruing by reason of an injury done to the person of another and not resulting in the death of the injured person, as mentioned in the third sentence of the amendment, it must be presumed

that the Legislature intended the language used to apply to and exclude from the operation of the section, an action for any tort other than the tort dealt with in the other provisions of the section which, as already pointed out, give rise to a separate and distinct right of action from that which accrues for the wrongful death of the injured person. Though the quoted provision excludes and denies any extension of the period within which an action for a tort other than that dealt with by other provisions of the section, it fixes no limitation of time within which to institute an action for personal injury during the pendency of which the injured person dies from a cause other than the injury, or an action which may accrue by reason of an injury done to the person of another and not resulting in death, which latter cause of action, by the express terms of the third sentence of the section, survives the death of the wrongdoer and may be enforced against his executor or administrator either by revival of a pending action, or by an original action, against such personal representative. By expressly precluding any extension of the time within which an action for any tort other than that mentioned in the section, as amended in 1945, and by omitting to fix a period of limitations for an action based upon a right of action dealt with in that section, the Legislature indicated its intention that the period of one year provided by Code, 1931, 55-2-12, for a personal action which did not survive the death of the person to whom it had accrued should continue to govern an action for "any other tort" and that the one year period should not apply to or affect a right of action of the kind covered by the other provisions of the section, as amended, which, as heretofore stated, survives the death of the wrongdoer and may be enforced against his personal representative. This intent of the Legislature is necessarily implied from the plain language of the above quoted provision; and there appears to be no different reasonable explanation for the use of the adjective "other" in declaring that nothing contained in the section should be construed to extend the time with-

in which an action for "any other tort" should be brought.

In resolving the questions involved in this litigation consideration has been given to the provision in the fourth sentence of the amendment of 1945 that nothing contained in Section 8 shall be construed to give the right to assign a claim for a tort not otherwise assignable. At common law a claim for damages for personal injury, being strictly personal in character, did not survive the death of the injured person and was not assignable. 4 Am. Jur., Assignments, Section 30; *Byrd v. Byrd*, 122 W.Va. 115, 7 S.E. 2d 507. The element of survivability is ordinarily the test of the assignability of a claim or a chose in action. *State ex rel. Sabatine v. Richards*, 127 W.Va. 703, 34 S.E. 2d 271; *Woodford v. McDaniels*, 73 W.Va. 736, 81 S.E. 544, 52 L.R.A. (N. S.) 1215. "In the absence of any statutory provision declaring a particular chose in action to be assignable or nonassignable, the general test of assignability is whether the chose will survive." 4 Am. Jur., Assignments, Section 25. The rule which appears to be supported by the weight of authority is that a statute which provides for the survival of an action operates incidentally to remove the restriction against its assignability. 4 Am. Jur., Assignments, Section 31. But that rule has no application to the amendment of 1945 which, though declaring that the designated right of action shall survive, expressly provides that the statute shall not be construed to give the right to assign a claim for a tort which is not otherwise assignable. A claim for personal injury, however, can by statute be made to survive the death of the injured person and still be without the quality of assignability. "In some jurisdictions it is held that a right of action for personal injuries is not assignable, even though such action is made survivable by statute. This result has been reached under the view that nothing is assignable, either at law or in equity, which does not directly or indirectly involve a right to

property, and that the statute providing for the survival of an action for personal injuries was not intended to transform the right of action into a property right, and also under the view that the assignment of a cause of action for personal injuries is contrary to public policy." 4 Am. Jur., Assignments, Section 31. The above mentioned provision of the fourth sentence of the section, which denies the right of assignment of a claim for a tort not otherwise assignable, does not give assignability to the tort dealt with in the other provisions of ·the section. Under the rule of the common law it is not assignable. *Winston v. Jordan,* 115 Va. 899, 80 S.E. 756. No statute of this State has come to the attention of this Court which gives it assignability or removes it from the operation of the common-law rule. Though the right of action mentioned in the third sentence of the section is not assignable, it is, by virtue of that portion of the statute, expressly given survivability; and the test of the application of the statute of limitations, in the cases now before this Court, is the survivability of the cause of action upon which each action is based. *Watson v. Daniel,* 165 Va. 564, 183 S.E. 183; *Trust Company of Norfolk v. Fletcher,* 152 Va. 868, 148 S.E. 785, 73 A.L.R. 1111. See also *Barnes Coal Corporation v. Retail Coal Merchants Association,* 128 Fed. 2d 645.

The holding of this Court that by the enactment of the third sentence of Section 8, as amended in 1945, the Legislature has extended the period of limitations within which to enforce the right of action of a person who sustains personal injury, in the event of the death of the wrongdoer, from one year to five years next after such right of action shall have accrued, may produce unsatisfactory and undesirable results and cause delay in the final settlement of the estate of any deceased wrongdoer. These consequences, however, if they in fact occur, can not justify judicial action which disregards or nullifies the action of the Legislature in enacting the plain and unambiguous provisions of the

amendment of 1945. It can not be said that the statute, as here applied, will produce an absurd result and, for that reason, the rule of statutory construction which enables a court to interpret a statute to prevent a result of that character can not be resorted to or employed. In these circumstances relief from any resulting complications, if such relief be found or thought to be necessary or desirable, must come not from the courts but from the Legislature which, within constitutional limitations, can determine and impose any reasonable limitation of time within which an action may be brought upon any right of action.

Should the Legislature desire to fix and prescribe the one year period of limitations applicable to personal actions generally which do not survive the death of a party, as the time within which to enforce any right of action embraced in the amendment of 1945, which it clearly has not done by the enactment of that statute, it has the power to do so by the simple expedient of amending the existing statute by incorporating in it a provision which will accomplish that result. Until it does so, however, the five year period of limitations embraced in Code, 1931, 55-2-12, must govern a claim for damages for personal injury which falls within the present provisions of the amendment of 1945.

The statements made and the views expressed in the preceding portion of this opinion have been directed primarily to the claim of the plaintiff, Sally H. Hereford, in her action against the defendant. They are, however, applicable to, and decisive of, the claim of her husband, the plaintiff, W. D. Hereford, in the action instituted by him. Though his claim is not for damages for injury to his person, it is derived from and is based upon the personal injury sustained by his wife. If she had not sustained an injury to her person he could have no claim against the defendant for liability incurred or money expended by him for medical treatment of her injury.

The language of the pertinent part of the third sentence of the amendment of Section 8, adopted in 1945, is "* * * any right of action which may hereafter accrue *by reason of any injury done to the person of another,* * * *". (Emphasis supplied.) The opinion of this Court in the case of *Barker v. Saunders,* 116 W.Va. 548, 188 S.E. 289, heretofore referred to, citing 37 C. J. 775, 776, contains this statement: "According to the great weight of authority an action by a husband for a hurt to his wife is within a statute limiting an action for a 'personal injury'". That case, which was decided in 1935, before the amendment of 1945 was enacted, involved the claim of the mother of her infant son for hospital expenses incurred and paid by her as his natural guardian by reason of a tort causing personal injury committed on the infant by the defendant. The questions determined in that case, as stated in the two points of the syllabus, were: "Where a minor child is injured by the wrongful act or omission of another, the natural guardian may recover from such other the necessary hospital expenses incurred in consequence of such injury."; and "An action by a natural guardian against a third person for recovery of hospital expenses made necessary because of personal injuries negligently inflicted upon an infant child by such person must be brought within one year next after the date of the injury."

In the opinion in the *Barker* case, this Court employed this language: "Although the right of a parent or a husband in such cases is sometimes spoken of as a property right, yet it is dependent upon the tort to the infant. Actionable negligence on the part of the defendant toward the injured child must be established before a parent or husband can recover. *Regan v. Superb Theatre,* 220 Mass 259, 107 N. E. 984; *Thompson v. United Laboratories,* 221 Mass. 276, 108 N. E. 1042; *Birmingham Ry. v. Baker,* 161 Ala. 135, 49 So. 755; *Central of Ga. Ry. v. Robins,* 209 Ala. 12, 95 So. 370. In the

case of *Mulvey v. Boston,* 197 Mass. 178, 83 N. E. 402, the court in applying a one year statute in a case similar to the instant one, says: 'The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact.' And, as pointed out in *Maxson v. Delaware, etc. R. Co.,* 112 N.Y. 559, 20 N. E. 544, it would amount to an anomaly to hold otherwise."

The claim, involved in the *Barker* case, of a parent to recover for hospital expenses made necessary because of personal injury negligently inflicted upon a child by the wrongdoer, is analogus to the claim of the plaintiff in the action instituted by W. D. Hereford. In each instance it arises from and is based upon injury of the person for whose treatment the expenses were incurred or the money was paid. Each claim depends for its existence upon a personal injury suffered by another person. The cause of action in the *Barker* case, and that upon which the action brought by W. D. Hereford is based, are alike in principle. The right of action of W. D. Hereford accrued "by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, neglect, or default of any person". The reasoning on which is based the conclusion in the *Barker* case, that the action there involved depended upon a personal injury, is approved and applied to the claim which forms the basis of the action instituted by the plaintiff, W. D. Hereford, and by virtue of the express provision of Section 8, as amended in 1945, his right of action survives the death of the wrongdoer and may be enforced against his executor, the defendant in this litigation.

It is obvious that the action dealt with in the *Barker* case was considered to be substantially the same in character as an action for personal injury with respect to the determination of the statute of limitations applicable to that kind of personal action. The action in that case, however, having arisen from the personal injury of another person which, in the absence of any then existing statute giving it survivability, under the particular facts there involved, did not survive the death of the person to whom it accrued, and was not for "a matter of such nature that, in case a party die, it can be brought by or against his representative" within the meaning of the five year statute of limitations. For that reason this Court held in the *Barker* case that the action there under consideration, being an action derived from and dependent upon personal injury, was governed by the one year statute of limitations and should have been brought within that period of time after it accrued. At the time of the decision of that case in 1935, however, the amendment of 1945 to Section 8, Article 7, Chapter 55, Code, 1931, had not been enacted and was not in effect. As that amendment made the right of action upon which the action of the plaintiff, W. D. Hereford, is based survive the death of the wrongdoer, Robert R. Steele, the holding of this Court in the *Barker* case that the action there involved was within the one year statute of limitations does not apply to the action instituted by the plaintiff, W. D. Hereford, which, solely by virtue of the provisions of the amendment of 1945, is governed by the five year limitation provisions of Code, 1931, 55-2-12. That amendment renders the holding in the *Barker* case on the question of the effect of the one year statute of limitations inapplicable in these cases. When the *Barker* case was decided in 1935, there was no statute which caused an action of that type to survive the death of the wrongdoer and no question involving the death of the defendant was presented or considered in that decision. For those reasons that case is distinguishable from the cases now before this Court.

It should be clearly understood that the decision reached in the two cases here under consideration, as set forth in this opinion, applies only to an action based upon a right of action which accrues by reason of an injury done to the person of another, when the injury does not cause the death of the injured person and when, after the injury is inflicted, the wrongdoer dies, and which right of action, by virtue of the statute, survives the death of the wrongdoer and may be enforced against his personal representative; and that the holding in these cases is limited to a situation expressly covered by Section 8, as amended, and to an action based upon the right of action dealt with by its provisions. It should not be considered as applicable to or controlling of actions for personal injuries generally when the death of the wrongdoer does not occur or to any other type of personal action which does not clearly come within the express provisions of the statute as amended by Chapter 2, Acts of the Legislature, 1945, Regular Session. It may appear that, under this statute as here applied, in any case involving a claim for damages for personal injury, when no party dies within one year after the injury occurs, determination of the applicable statute of limitations is rendered uncertain because of the ever present possibility of the death of the wrongdoer after one year but before five years from the date of the injury. No issue of that character, however, arises in these cases, and no opinion is entertained or expressed on that question.

The question certified in each case is answered in the affirmative, and the action of the Circuit Court of Cabell County in overruling the demurrer to the declaration and in sustaining the demurrer to the plea of the statute of limitations in each case is affirmed.

*Rulings affirmed.*