687 S.E.2d 574

**Doris E. JENNINGS, Plaintiff Below,**

v.

**FARMERS MUTUAL INSURANCE COMPANY, Defendant Below, Appellant,**

and

**Kevin Fike, individually and in his capacity as an agent of Farmers Mutual Insurance Company, Defendant Below, Appellee.**

No. 34743.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 2009.

Decided Nov. 24, 2009.

638

James A. Varner, Sr., Esq., Debra Tedeschi Herron, Esq., Natalie A. Givan, Esq., McNeer, Highland, McMunn and Varner, L.C., Clarksburg, WV, for Appellant Farmers Mutual Insurance Company.

James F. Companion, Esq., Yolanda G. Lambert, Esq., Schrader, Byrd & Companion, PLLC, Wheeling, WV, for Appellee Kevin Fike.

PER CURIAM:

In this appeal from the Circuit Court of Monongalia County, we are asked to review a circuit court order granting summary judgment that dismissed the appellant's cross-claim against the appellee for contribution and for fraudulent misrepresentation. The circuit court's order also dismissed certain personal injury claims against the appellee that had been assigned by the plaintiff-below to the appellant.

After careful consideration of the briefs, the arguments of the parties, and all matters of record, we affirm the circuit court's summary judgment order.

I.

In 2001, plaintiff-below Doris E. Jennings owned a gas station and convenience store called the "Repo Depot." Ms. Jennings met with an insurance agent, defendant-below and appellee Kevin Fike, about purchasing an insurance policy for her business. Mr. Fike was an agent for defendant-below and appellant Farmers Mutual Insurance Company ("Farmers Mutual"). Mr. Fike completed an application seeking coverage for Ms. Jennings, and submitted the application to Farmers Mutual. An underwriter reviewed the application and approved the issuance of a policy. On June 11, 2001, Farmers Mutual issued a businessowners policy to Ms. Jennings for the Repo Depot property.

Two months later, on August 15, 2001, the Repo Depot was destroyed by fire. Ms. Jennings made a claim against her Farmers Mutual policy for the loss.

Several days later, Farmers Mutual discovered that two pages of the application submitted by Mr. Fike were missing. Farmers Mutual contacted Mr. Fike, and on August 22, 2001 he faxed the missing pages to Farmers Mutual. Those missing pages completed by Mr. Fike indicated that Ms. Jennings had never previously filed property damage claims against any other insurance policy—but an investigation by Farmers Mutual after August 22nd apparently revealed that Ms. Jennings had, in fact, previously filed claims. The underwriter for Farmers Mutual later stated that he did not realize those pages were missing from the application, but if those pages had been attached, stated that he would have refused to issue a policy to Ms. Jennings.

Farmers Mutual declined to pay Ms. Jennings' fire claim, and instead chose to investigate the cause of the fire and the damages claimed by Ms. Jennings. A private investigator spoke with various people who knew Ms. Jennings, and a Farmers Mutual agent accused Ms. Jennings of lying on her application for insurance and arson, saying "we think you burnt it." While Ms. Jennings was not represented by counsel, Farmers Mutual hired a lawyer to take a "statement under oath" from Ms. Jennings that lasted nearly seven hours. Ms. Jennings believed that Farmers Mutual "treated me like a friggin' criminal," and she hired an attorney. Shortly thereafter, on November 9, 2001, Farmers Mutual paid Ms. Jennings approximately $245,000.00 for the fire loss.

On May 29, 2002, Ms. Jennings brought suit against Farmers Mutual and against Mr. Fike alleging breach of contract, violations of the Unfair Trade Practices Act, and common law bad faith. Ms. Jennings also sought

*Hayseeds* damages.[1] Additionally, Ms. Jennings alleged that Mr. Fike had been negligent in his completion and handling of her application for insurance, and alleged that both Mr. Fike and Farmers Mutual had caused intentional and negligent infliction of emotional distress.

Appellant Farmers Mutual filed a cross-claim against appellee Mr. Fike for misrepresentation.[2] Farmers Mutual asserted that the application for insurance completed by Mr. Fike contained inaccurate and incomplete information, and that Farmers Mutual reasonably relied on this information in providing insurance coverage to Ms. Jennings. Additionally, the cross-claim asserted that Farmers Mutual was entitled to contribution and indemnity from Mr. Fike.

In June 2004, Ms. Jennings settled and released all her claims against Farmers Mutual for $500,000.00. Additionally, Ms. Jennings assigned to Farmers Mutual all of her claims against Mr. Fike arising from her May 29, 2002 complaint.

Mr. Fike filed motions for summary judgment seeking to dismiss all of Farmers Mutual's claims. First, Mr. Fike contended that Farmers Mutual's claim for contribution was extinguished by the good faith settlement between Farmers Mutual and Ms. Jennings. Second, Mr. Fike argued that Farmers Mutual's reliance claim should be dismissed because the record showed that Farmers Mutual never detrimentally relied on the information in the application for insurance. Mr. Fike argued that Farmers Mutual carelessly based its decision to afford coverage on an application that was missing pages—whether the application completed by Mr. Fike contained incomplete or inaccurate information was irrelevant to that decision. And third, Mr. Fike argued that under West Virginia law, personal injury claims—such as Ms. Jennings' claims

against Mr. Fike for negligence and for intentional or negligent infliction of emotional distress—cannot be assigned.

On May 22, 2008, the circuit court entered a thorough and detailed order granting summary judgment to Mr. Fike on all counts.

Appellant Farmers Mutual now appeals the circuit court's May 22, 2008 summary judgment order.

### II.

■ We review a circuit court's order granting summary judgment *de novo.* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

### III.

Farmers Mutual contends that the circuit court's summary judgment order was wrong in three respects. First, Farmers Mutual argues that its claim for contribution against Mr. Fike was not extinguished by its settlement with Ms. Jennings. Farmers Mutual argues that the settlement with Ms. Jennings was, in part, for torts committed by Mr. Fike while he was acting as an agent for Farmers Mutual, and therefore that Mr. Fike should bear some share of liability for the settlement. Second, Farmers Mutual contends the circuit court erred in dismissing its claim for misrepresentation. Farmers Mutual takes the position that a question of fact exists regarding whether Farmers Mutual justifiably relied upon the *absence* of information that Mr. Fike should have provided. Finally, Farmers Mutual asserts that the circuit court erred in ruling that Ms. Jennings's personal injury claims against Mr. Fike were not assignable.

■ The first argument by Farmers Mutual concerns its claim for contribution against Mr. Fike. In Syllabus Point 6 of *Board of Educ. v. Zando, Martin & Mil-*

---

1. *See* Syllabus Point 1, *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 (1986) ("Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience.")

2. In addition to the cross-claim, Farmers Mutual filed a third-party complaint against Mr. Fike's liability insurer, Utica Mutual Insurance Company, alleging the company had engaged in bad faith in the handling of the cross-claim.

*stead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990), we stated the following principle regarding contribution:

> A party in a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution.

Under this principle, Farmers Mutual's good faith settlement with Ms. Jennings relieved Farmers Mutual from any liability for contribution to Mr. Fike. The circuit court concluded that under this principle in *Zando,* the opposite should also be true: the settlement relieved Mr. Fike of any liability for contribution to Farmers Mutual. The circuit court determined that under *Zando,* it would be unfair to permit the settling defendant to pursue a claim of contribution against a non-settling defendant, while simultaneously precluding the non-settling defendant from pursuing a claim for contribution against the settling defendant.

Farmers Mutual argues that the circuit court misinterpreted *Zando.* We disagree.

It is an established principle that "[i]n West Virginia one joint tort-feasor is entitled to contribution from another joint tort-feasor[.]" Syllabus Point 3, *Haynes v. City of Nitro,* 161 W.Va. 230, 240 S.E.2d 544 (1977). *See also,* Syllabus Point 3, *Sitzes v. Anchor Motor Freight, Inc.,* 169 W.Va. 698, 289 S.E.2d 679 (1982) ("As between joint tortfeasors, a right of comparative contribution exists *inter se* based upon their relative degrees of primary fault or negligence.").

■ It is just as established, however, that a right to contribution "can only be invoked by one of the joint tortfeasors *in the litigation.*" 169 W.Va. at 713, 289 S.E.2d at 688 (emphasis added). When a tortfeasor "elect[s] to remain in the case he . . . will be liable for contribution in favor of the other joint tortfeasor[.]" *Reager v. Anderson,* 179 W.Va. 691, 704, 371 S.E.2d 619, 632 (1988). If a tortfeasor is not a part of the litigation—whether because of a settlement or because the tortfeasor was not sued—our law is clear that no contribution may be had from that tortfeasor. *See* Syllabus Point 6, *Charleston Area Medical Center v. Parke–Davis,* 217

W.Va. 15, 614 S.E.2d 15 (2005) ("[A] tortfeasor who negotiates and consummates a settlement with an injured party on behalf of itself before any lawsuit is filed cannot subsequently bring an action seeking contribution from a tortfeasor who was not apprised of and not a party to the settlement negotiations and agreement."); *Lombard Canada, Ltd. v. Johnson,* 217 W.Va. 437, 618 S.E.2d 446 (2005) (same); *Board of Educ. v. Zando, Martin & Milstead, Inc.,* 182 W.Va. at 603–04, 390 S.E.2d at 802–03 ("The fundamental purpose of inchoate contribution is to enable all parties who have contributed to the plaintiff's injuries to be brought into one suit. Not only is judicial economy served, but such a procedure also furthers one of the primary goals of any system of justice—to avoid piecemeal litigation which cultivates a multiplicity of suits and often results in disparate and unjust verdicts.").

In the instant case, Farmers Mutual is no longer a "tortfeasor" that remains in the litigation. Accordingly, we believe that the circuit court's conclusion—that the claims of contribution between Farmers Mutual and Mr. Fike were extinguished by the good faith settlement with the plaintiff—was correct.

■ Farmers Mutual's second argument centers upon its cross-claim alleging that Mr. Fike made misrepresentations that Farmers Mutual detrimentally relied upon. Farmers Mutual contends that Mr. Fike carelessly filed an application for Ms. Jennings seeking insurance coverage that indicated that she had no prior property damage claims. Specifically, it appears that the paper application for insurance was printed on both sides of the page, but when Mr. Fike faxed the application to Farmers Mutual, only the front sides of the pages were transmitted. Farmers Mutual did not receive two of the reverse sides of the application until August 22, 2001, one week after the fire at the Repo Depot. Those reverse sides had sections detailing an applicant's prior property damage claims. However, the application completed by Mr. Fike incorrectly indicated that Ms. Jennings had no prior property damage claims.[3]

---

**3.** The parties disputed who was at fault for this error. Mr. Fike stated that Ms. Jennings denied

Farmers Mutual asserts that it reasonably relied to its detriment upon the information contained—or, more specifically, not contained—in the application for insurance prepared by Mr. Fike. Farmers Mutual claims that had it known about Ms. Jennings's prior property damage claims it would not have issued an insurance policy to Ms. Jennings.

The record, however, contains a memorandum from a Farmers Mutual underwriter, dated September 10, 2001, which states that the underwriter approved the application for coverage after he "quickly reviewed the section showing no losses. However, this [section] in fact only relates to sexual abuse or other allegations. Actual loss history is on the reverse side of the Acord commercial insurance application section." In other words, it appears that the Farmers' Mutual underwriter issued the insurance policy after mistaking the application section relating to sexual abuse claims for the application section relating to property damage claims, and not because of incorrect or absent information about property damage claims.

The circuit court determined that, on this record, Farmers Mutual could not show that it detrimentally relied on the information that was never provided to Farmers Mutual.

■ To prevail on a claim for misrepresentation, a plaintiff must establish that "the act claimed to be fraudulent was the act of the defendant ... (2) that it was material and false; [3] that *plaintiff relied on it and was justified under the circumstances in relying upon it;* and [4] that he was damaged because he relied on it." Syllabus Point 1, *Lengyel v. Lint,* 167 W.Va. 272, 280 S.E.2d 66 (1981) (emphasis added). The misrepresentations by the defendant need not be the sole inducement for the plaintiff's actions; the plaintiff must only show that "the representations contributed to the formation of the conclusion in the plaintiff's mind[.]" Syllabus Point 3, in part, *Horton v. Tyree,* 104 W.Va. 238, 139 S.E. 737 (1927).

After carefully reviewing the record, we believe that the circuit court's decision to grant summary judgment to Mr. Fike on the misrepresentation claim was correct. Farmers Mutual has offered no evidence suggesting that the representations contained in Ms. Jennings' application contributed to the "formation of the conclusion" in the underwriter's mind that the insurance policy should be issued. The record plainly establishes that the underwriter negligently failed to notice that two pages were missing from the faxed application form. Put simply, Farmers Mutual has offered no reasoning to support a finding that the underwriter's carelessness in relying upon an incomplete application was "justified under the circumstances."

The third argument proffered by Farmers Mutual on appeal is that the circuit court erred in holding that Ms. Jennings could not assign her personal injury causes of action to Farmers Mutual.

■ Our law on this question is clear: a cause of action for personal injuries may not be assigned. We stated, in *Hereford v. Meek,* 132 W.Va. 373, 391–92, 52 S.E.2d 740, 750 (1949) that:

> [N]othing is assignable, either at law or in equity, which does not directly or indirectly involve a right to property ... Under the rule of the common law [a personal injury tort] is not assignable. No statute of this State has come to the attention of this Court which gives it assignability or removes it from the operation of the common-law rule. (Citation omitted.)

*See also,* Syllabus Point 2, *Delaware CWC Liquidation Corp. v. Martin,* 213 W.Va. 617, 584 S.E.2d 473 (2003) ("The assignment of a legal malpractice claim is contrary to the public policy of West Virginia; therefore, any such assignment is void as a matter of law."). *See also,* R.D. Hursh, Assignability of claim for personal injury or death, 40 A.L.R.2d 500, § 3 (1955) ("It seems that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignments of causes of action to recover for personal injuries.").

---

having any prior claims. Ms. Jennings, however, testified in her deposition that Mr. Fike never asked her about proper property damage claims. She also testified that Mr. Fike never showed her the completed application; instead, he asked her questions from memory and took notes on a legal pad, and then completed and faxed the application.

Farmers Mutual has directed us to no authority indicating why this fundamental principle of the common law should be abandoned. And after a careful review of the record, we believe that the circuit court's application of the principle was correct.

IV.

We affirm the circuit court's May 22, 2008 summary judgment order.

Affirmed.