## Richmond.

## Superior Steel Corporation v. Commonwealth.

January 20, 1927.

1. Corporations—*Franchise Tax—Maximum Authorized Capital Stock—Section 43 of the Tax Bill.*—A corporation was authorized by its charter to issue capital stock to the extent of $17,000,000, of which $5,500,000 should be preferred stock and $11,500,000 common stock. The charter provided that all preferred stock should be redeemable and when redeemed should be cancelled and should not be re-issued. In the year 1925 all the preferred stock had been redeemed and in that year the State Corporation Commission assessed the franchise tax against the corporation on $17,000,000, the maximum authorized capital stock as shown in the charter instead of on its then authorized capital stock of $11,500,000.

   *Held:* That the assessment should have been only on the $11,500,000.

2. Statutes—*Section 43 of the Tax Bill—Construction—Words Given their Ordinary Meaning.*—In construing section 43 of the tax bill, we must seek the legislative intent as disclosed by the language used, giving to the words of the statute their ordinary meaning, as no contrary intent appears.

3. Words and Phrases—*Authorized—Authority.*—One is "authorized" when he possesses the authority to act, and he has "authority" when he has the "legal or rightful power" to act.

4. Taxation—*Corporate Franchise Tax a Privilege Tax.*—The corporate franchise tax provided for in section 43 of the tax bill, is a privilege tax. The amount of stock actually issued and outstanding is of no concern in arriving at the basis of the tax. The only question is what is the maximum capital stock which the corporation has the power, under the law, to issue.

5. Taxation—*Statutes—Practical Construction—Administrative Interpretation of the Tax Bill by State Corporation Commission.*—In the instant case, which arose from the refusal of the State Corporation Commission to refund to a corporation part of the State franchise tax assessed against it, the Commonwealth made the point that the interpretation which the commission placed on section 43 of the tax bill, in the instant case, was the administrative interpretation which it had always placed upon this act, and should therefore prevail in the Supreme Court of Appeals. Courts, in construing statutes, where

the statute is obscure or its meaning doubtful, will give great weight to and sometimes follow the interpretation which those whose duty it has been to administer it have placed upon it. But the doctrine of administrative interpretation will not be allowed to change the plain meaning of the statute.

6. TAXATION—*Corporate Franchise Tax—Duty of State Corporation Commission in Determining the Maximum Authorized Capital—Case at Bar.*— In the instant case, an appeal from an order of the State Corporation Commission refusing a refund of a part of the State franchise tax assessed against a corporation, when the Commission examined the charter of the corporation to ascertain its maximum authorized capital, they saw, or ought to have seen, that the charter contained a self-executing provision by which the authorized capital stock could be decreased without instituting a proceeding for that purpose under section 3780 of the Code of 1919. Being thus put upon notice, it is the duty of the Commission in such cases to make such further investigation as may be necessary to enable them to ascertain with reasonable certainty the authorized maximum capital stock which the corporation has the authority to issue, at the time of the assessment.

Appeal from an order of the State Corporation Commission.

*Reversed.*

The opinion states the case.

*Williams & Mullen, Guy B. Hazelgrove* and *Ralph S. Catterall,* for the appellant.

*John R. Saunders, Attorney General,* and *Leon M. Bazile* and *Lewis H. Machen Assistant Attorneys General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

This is an appeal from an order of the State Corporation Commission, entered under section 3735 of the Code, refusing to refund $550 of the State franchise tax assessed against Superior Steel Corporation for the year 1925.

[1] The original charter of Superior Steel Corporation authorized it to issue capital stock to the extent of $17,000,000 par value, of which $5,500,000 should be preferred stock in two classes, and $11,500,000 common stock. The charter also provides that all preferred stock shall be redeemable, and that when redeemed it "shall be forthwith cancelled and shall not be reissued, and no first preferred and no second preferred stock shall be issued in lieu thereof or in exchange therefor."

On February 15, 1924, the corporation redeemed and cancelled all of its preferred stock, and reported the fact to the Commission in a stock statement and a bond statement, which it filed with the Commission. There had been no amendment of the charter of the corporation under section 3780 of the Code, increasing or decreasing its authorized capital stock.

On January 1, 1925, the Commission made an assessment against the corporation on $17,000,000, the maximum authorized capital stock, as shown in the charter, instead of on its then authorized capital stock of $11,500,000, thus making the tax $550 greater than it would have been if assessed on $11,500,000. The corporation paid this amount under protest and now asks that the same be refunded.

The decision in this case hinges upon a proper construction of section 43 of the tax bill (Laws 1926, chapter 547), which, so far as material here, reads as follows:

"Every corporation * * organized * * in this State * * shall· * * pay * * an annual State franchise tax to be assessed by the State Corporation Commission.

"The amount of such franchise tax shall be as follows: Where the maximum capital stock is * * in excess of one million dollars, and not greater than fifty

million dollars, an additional sum of ten dollars for each hundred thousand dollars or fraction thereof in excess of one million dollars; * *

"The State Corporation Commission shall ascertain the amount of the authorized maximum capital stock of each such corporation * * as of the 1st day of January in each year, and shall assess against each such corporation * * the State franchise tax herein imposed. * * ."

The State Corporation Commission contends that in assessing the State franchise tax it should base the same upon the maximum authorized capital stock ascertained from the charter of the corporation or some amendment thereto. The appellant corporation contends that the commission should ascertain the maximum authorized stock "by examining the stock statement and bond statement on its files or by making further investigation."

[2] In construing section 43 of the tax bill, we must seek the legislative intent as disclosed by the language used, giving to the words of the statute their ordinary meaning, as no contrary intent appears.

[3, 4] According to Mr. Webster, one is "authorized" when he possesses the authority to act, and he has "authority" when he has the "legal or rightful power" to act. The statute requires the Commission to ascertain the amount of the *authorized* maximum capital stock of such corporation, * * as of the 1st day of January in each year." This language can only mean the maximum capital stock which the company has the authority, or legal power, to issue. It is conceded that the preferred stock was all redeemed and cancelled, and that the corporation has no power to reissue it in any form. This necessarily leaves the corporation with an authorized maximum capital stock of only

$11,500,000. Besides, the franchise tax is conceded to be a privilege tax. The amount of stock actually issued and outstanding is of no concern in arriving at the basis of the tax. The only question is what is the maximum capital stock which the corporation has the power, under the law, to issue.

It is clear that the legislature never intended by section 43 of the tax bill to levy a privilege tax on a corporation for the privilege of doing something which, if done, would be a violation of its charter and the law. It follows, as the night follows the day, that the tax assessed on the capital stock of the corporation in excess of $11,500,000 was without authority of law, and that the taxes paid on such excess should be refunded to the corporation.

This case has been very ably and exhaustively argued in the briefs and by counsel orally at the bar of this court. The view we have taken and the conclusion we have reached makes it unprofitable to consider the many questions discussed in the briefs filed on behalf of the parties. We will mention one argument.

[5] The Commonwealth makes the point that the interpretation which the Commission places on section 43 of the tax law in this case is the administrative interpretation which it has always placed upon this statute, and should, therefore, prevail here. Courts, in construing statutes, where the statute is obscure or its meaning doubtful, will give great weight to and sometimes follow the interpretation which those whose duty it has been to administer it have placed upon it. But the doctrine of administrative interpretation will not be allowed to change the plain meaning of the statute.

In *Houghton* v. *Payne*, 194 U. S. 88, 24 S. Ct. 590, 48 L. Ed. 888, the majority opinion states the law thus:

"Contemporaneous construction is a rule of interpretation, but is not an absolute one. It does not preclude an inquiry by the courts as to the original correctness of such construction. A custom of the department, however long continued by successive officers, must yield to the positive language of the statute."

[6] When the Commission examined the charter of the corporation to ascertain its maximum authorized capital, they saw, or ought to have seen, that the charter contained a self-executing provision by which the authorized capital stock could be decreased without instituting a proceeding for that purpose under section 3780 of the Code. Being thus put upon notice, it is the duty of the Commission in such cases to make such further investigation as may be necessary to enable them to ascertain with reasonable certainty the authorized maximum capital stock which the corporation has the authority to issue, at the time of the assessment.

For the foregoing reasons, the order will be reversed and the Commission will be directed to enter an order refunding to the plaintiff in error the sum of $550 illegally assessed against it.

*Reversed.*