# Richmond

COMMONWEALTH OF VIRGINIA v. CHARLES HILL CARTER, JR., ET AL., ETC.

April 23, 1956.

Record No. 4495.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

Thomas M. Miller, Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General, on brief), for the Commonwealth.

Thomas C. Gordon, Jr. and Carle E. Davis (McGuire, Eggleston, Bocock & Woods on brief), for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The questions presented on this appeal are whether certain property devised pursuant to a power of appointment is subject to inheritance tax, and if so, whether it should be assessed separately or combined with the individual property of the donee of the power, both the individual and the appointive property having passed to the same beneficiary by the donee's will.

The facts are agreed. Robert R. Carter, a resident of Charles City county, died in 1888 leaving a will which gave to his daughter, Marion Carter, a power of appointment authorizing her to pass the appointive property to a descendant of the testator's father bearing the name of Carter.

Marion Carter became Marion Carter Oliver and died February 29, 1952, also a resident of Charles City county, leaving a will in which she exercised the power of appointment by designating her cousin, Charles Hill Carter, Jr., as the recipient, and did "vest in him in fee simple and absolutely" the said appointive property. By the same will she also devised and bequeathed to, or for the benefit of, the said Charles Hill Carter, Jr., certain property owned by her in her own right, and herein referred to as the individual property.

At the time of the death of Marion Carter Oliver in 1952 the value for inheritance tax purposes of the appointive property was $125,000 and the value of the individual property was $80,140.42. The Department of Taxation added these two sums together, applied to the total the tax rate fixed by § 58-153 of the Code, and assessed an inheritance tax of $20,066.85 with respect to all property so passing to the said Charles Hill Carter, Jr., and said amount was paid.

Thereafter Charles Hill Carter, Jr., and the executor and trustee of the will of Marion Carter Oliver filed this application for a correction of the assessment and a refund, Code § 58-1130, alleging that no inheritance tax was assessable against the appointive property, because

this property passed to Charles Hill Carter, Jr., from Robert R. Carter and there was no provision for the assessment of inheritance tax on his estate at the time of his death in 1888; and alleging further that if the appointive property was subject to inheritance tax it should be assessed separately from the individual property. It is agreed that if the two properties are to be assessed separately the proper assessment against the appointive property is $10,450 and against the individual property $5,662.64, a total of $16,112.64.

The court below held that an inheritance tax was properly assessable against the appointive property; that it should not be added to the individual property in ascertaining the tax, but the two properties should be assessed separately. A refund of $3,954.21 was accordingly ordered, being the difference between the $20,066.85 paid and the $16,112.64 which the court held to be properly assessable.

█ To the order so entered the Commonwealth assigned error, claiming that under the inheritance tax statutes the appointive property should be treated as part of the estate of Marion Carter Oliver and added to the individual property in ascertaining the tax. The appellees assigned cross-error, claiming that no inheritance tax was assessable against the appointive property. The question raised by the cross-error must be answered first.

When Robert R. Carter died in 1888 no inheritance tax was assessable against the beneficiaries of his will. By Acts 1916, ch. 484, p. 812, the collateral inheritance tax enacted in 1903[1] was broadened into a general inheritance tax law, which, as subsequently amended and enlarged, became chapter 5 of title 58 of the 1950 Code, §§ 58-152 to 58-165, in effect at the death of Marion Carter Oliver in February 1952.

Section 58-152 levies an inheritance tax upon the share of a beneficiary in all property in the jurisdiction of the Commonwealth, and any interest therein, "which shall pass: (1) By will * *" and by any of the other modes set forth in this section.

Section 58-153 relates to classification of beneficiaries, exemptions and rates of tax; § 58-154 to bequests to charity, etc.; § 58-155 to determination of values; § 58-156 to an exemption where the beneficiary dies within a year. Then comes § 58-157 in these words:

"The provisions of the five preceding sections shall apply [1] to the estate of every person who shall die after June twenty-first, nineteen hundred and forty and [2] to all estates created by will which

---

[1] Acts 1903, ch. 148, pp. 155, 182; amended by Acts 1910, ch. 148, p. 229.

shall vest in interest on or after such date; and the provisions of such sections shall apply [3] to all estates of deceased persons which shall come into possession of beneficiaries by the exercise or relinquishment of powers after such date." (Brackets added).

This section first appeared, in part, as subsection 21 of § 44 of the Tax Bill, being the inheritance tax section, by Acts 1924, ch. 305, pp. 460, 467, as follows:

"The provisions of this Act [*i.e.*, the inheritance tax act] shall apply [1] to the estate of every person who shall die on or after April first, nineteen hundred and twenty-four, and [2] to all estates created by will which shall vest in interest on or after said date." (Brackets added).

It was amended again by Acts 1934, ch. 137, pp. 176, 183, by adding to [1] and [2], *supra*, these words: "and the provisions of this section [§ 98 of the then Tax Code levying inheritance taxes] shall apply to all estates of deceased persons which shall come into possession of beneficiaries by the exercise or relinquishment of powers after this section takes effect;" the same language as [3] in § 58-157, *supra*, except as to the effective date.[2]

Inheritance tax laws, like other tax laws, are, as appellees contend, prospective in operation and are not to be given a retrospective effect unless clearly so intended; and to sustain a tax it must be clearly authorized by the taxing statute. *Commonwealth* v. *Herbert*, 127 Va. 291, 297-8, 103 S. E. 645, 647. The question in that case was whether the 1916 inheritance tax act applied to contingent remainders created by the will of a testator who died before the act was passed. It was held that the statute applied only to estates that thereafter passed by will and not to estates which had already so passed, even though they did not vest in interest until after the passage of the statute.

That case was decided in 1920 and, as pointed out above, the inheritance tax law was amended in 1924 to make it applicable "to all estates created by will which shall vest in interest on or after" April 1, 1924; and the 1934 amendment not only repeated that language, but added the provision that the inheritance tax laws should also apply "to all estates of deceased persons which shall come into possession of beneficiaries by the exercise or relinquishment of powers after this section takes effect;" *i.e.*, June 1934.

---

[2] Section 98 of the Tax Code, the inheritance tax section, was further amended by Acts 1936, ch. 119, pp. 200, 205, and by Acts 1940, ch. 118, pp. 167, 170, but no change was made with respect to what is now § 58-157.

The appointive property here involved not only vested "in interest" in the appointee, Charles Hill Carter, Jr., in February 1952, but also came into his possession in that year, long after the passage of the amendments expressly making it subject to inheritance tax. The power of the General Assembly to levy such a tax and to make it applicable to such an estate cannot be doubted. *Cornett's Ex'rs* v. *Commonwealth*, 127 Va. 640, 105 S. E. 230; *Commonwealth* v. *Carter*, 126 Va. 469, 102 S. E. 58; *Orr* v. *Gilman*, 183 U. S. 278, 46 L. ed. 196, 22 S. Ct. 213.

Appellees argue that § 58-157 was enacted simply to provide an operative or effective date for "the provisions of the five preceding sections," and that it does not operate to tax a power of appointment as such. We cannot agree. One of the "five preceding sections" is § 58-152, which levies an inheritance tax upon the share of a beneficiary in all property which shall pass by will, as well as by other modes enumerated. Section 58-157 provides that that section (58-152) shall apply to all estates described in terms exactly fitting the estate received by Charles Hill Carter, Jr. Plainly the appointive property was assessable with an inheritance tax.[3]

The next question is whether it should be lumped with the individual property in assessing the tax. Appellees argue that it should not because it passed to the appointee, Charles Hill Carter, Jr., as the property of Robert R. Carter, the donor of the power, and not as the property of Marion Carter Oliver, the donee of the power, and should not be treated as part of her estate.

In *Davis* v. *Kendall*, 130 Va. 175, 197, 204, 107 S. E. 751, 758, 760, it was said that a power of appointment is not an estate and has none of the elements of an estate, but is an authority to create an estate or interest; that the thing given by the power of appointment is power, not property, and the appointee takes title from the donor of the power. See also *Shriners Hospital for Crippled Children, Etc., Et al.* v. *Citizens Nat'l Bank, Etc., Et. al.*, decided today 198 Va. 130, 92 S. E. 2d 503; *Browning* v. *Bluegrass, Etc., Co.*, 153 Va. 20, 29, 30-1,

---

[3] Section 58-164, also relied on by the Commonwealth, was first enacted as ch. 488, pp. 826, 828, Acts 1926, to levy a minimum tax equal to the credit allowed by the Federal Revenue Act of 1926. It was carried into the Tax Code of 1928, Acts 1928, ch. 45, as § 119, at p. 87, in the chapter on inheritance taxes; and the provisions of the chapter were specifically made to apply to all estates created by will which shall vest in interest on or after February 26, 1926, and to all estates of deceased persons which shall come into possession of beneficiaries by the exercise of powers after that date. It was so carried into the Code of 1950, and such estates are also thereby made subject to the inheritance tax levied by chapter 5 of title 58 of the Code.

149 S. E. 497, 499, 500; Restatement of the Law of Property, Vol. III, § 333, p. 1875; 28 Am. Jur., Inheritance, Etc., Taxes, § 131, p. 78; 1 Simes on Future Interests, §§ 253-5.

The Commonwealth points to and relies upon § 58-155 in the chapter on inheritance taxes as authority for lumping the two properties and calculating the tax on their aggregate value. That section provides:

"The tax aforesaid shall be determined upon the aggregate actual value at the time of the death of the decedent of all property * * which shall so pass *from the decedent* to each beneficiary by any number or all of such methods of transmission." (Italics added).

This statute necessarily has reference to property which passes to the beneficiary from an immediate decedent, not to property passing by the exercise of a power granted by a prior decedent. We have said, as noted, that the appointee takes title from the donor of the power, and it would be difficult and in many cases impossible to determine the value of the property at the time of the creation of the power. The assessment here was evidently made under § 58-173 in the inheritance tax chapter, which provides that in cases of deferred possession of property as therein mentioned, the tax shall be assessed "on the actual value of the property or the interest of the beneficiary therein at the time when he becomes entitled to the same in possession or enjoyment."

This statute and § 58-155 deal with different situations. We find no authority in either to combine the appointive property and the individual property and assess the inheritance tax on the total. The fact that the donee of the power also gives the same beneficiary property of the donee's own in the same instrument by which the power is exercised, does not warrant combining the two properties any more than if the donee of the power and the testator in the last will were different persons. To warrant the combining of the two properties and assessing the tax on the total, there should be clear statutory authority for doing so, such as is expressly given in the statutes of some States, but not in Virginia.

[■] It was stipulated that it has been "the consistent administrative practice of the Department of Taxation of Virginia over a period of many years" to assess and tax appointive property as part of the estate of the donee of the power. We have said that the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight and in doubtful cases will be

regarded as decisive. *Commonwealth* v. *Appalachian, Etc., Co.*, 193 Va. 37, 45, 68 S. E. 2d 122, 127. That is a helpful rule in construing a statute of doubtful meaning. Here, of course, the practice would not be of concern or likely to be questioned except in cases where the combining of the two classes resulted in reaching a higher bracket. Authority for the practice must be found in the statute, and the fact that it is a practice does not preclude judicial inquiry into the correctness of it. *Superior Steel Corp.* v. *Commonwealth*, 147 Va. 202, 207, 136 S. E. 666, 667.

The present case, we think, calls for the application of the well-established principle that statutes imposing taxes are to be construed most strongly against the government and are not to be extended beyond the clear import of the language used, *Commonwealth* v. *Hutzler*, 124 Va. 138, 140, 97 S. E. 775, 776; and the official who seeks to enforce a tax must be able to put his finger on the statute which confers such authority. *Woodward* v. *Staunton*, 161 Va. 671, 673, 171 S. E. 590, 591.

We do not think the statute referred to provides the necessary authority for treating the appointive property as part of the estate of the donee of the power. Our conclusion is that the order appealed from is correct and it is accordingly

*Affirmed.*