# Richmond

## COMMONWEALTH OF VIRGINIA v. CHARLES J. R. DAVIS, EXECUTOR, ETC.

December 1, 1958.

Record No. 4894.

Present, All the Justices.

The opinion states the case.

*C. F. Hicks, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

*H. Brice Graves* and *John W. Riely (Hunton, Williams, Gay, Moore & Powell,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

The Commonwealth of Virginia appealed from an order entered November 6, 1957, whereby the application for the correction of an erroneous assessment of inheritance tax filed by Charles J. R. Davis, Executor of the Estate of Lorna H. Davis, deceased, was granted and appellant was ordered to refund to appellee $4,072.01.

Application for the correction of the erroneous assessment was made initially to the Department of Taxation as provided by § 58-175, Code 1950. The Department of Taxation having denied the relief sought, applicant proceeded in the court below pursuant to § 58-182, Code 1950. The court by order of July 17, 1957 granted the relief requested. On petition of appellant the case was reheard, as required by § 58-185, Code 1950, and by order of November 6, 1957 the court again granted the application for a correction of the assessment.

The evidence was by stipulation with exhibits attached, and the facts relevant to the issue may be summarized as follows:

On January 20, 1925, J. William Hibbard, a resident of and domiciled in New York, entered into an Agreement of Trust with National City Bank of New York as trustee. City Bank Farmers Trust Company of New York was on January 21, 1930 substituted as successor trustee. The trust property consisted only of intangibles, such as stocks and bonds, and they were at all times physically held by the trustee in New York. Hibbard, the settlor, had a daughter, Mrs. Lorna Hibbard Davis, who was at the time a resident of and domiciled in New York.

In the trust agreement there were two trusts created under which Mrs. Davis was a beneficiary for life and she was given a general testamentary power of appointment of the trust property. On October 8, 1951, Mrs. Davis released all her rights to appoint the principal amounts of the two trusts to herself, her creditors or the creditors of her estate, thereby converting the general power of appointment into a special power of appointment.

Hibbard died in New York on April 13, 1936. He was never a resident of or domiciled in the Commonwealth of Virginia. Mrs. Davis in 1937 established her residence and domicile in Virginia where she remained until her death on December 19, 1953. In her will she exercised the two powers of appointment in favor of her husband, Charles J. R. Davis, and at her death the trust property passing had a fair market value of $135,733.72. She also bequeathed to her husband her separate net estate valued at $148,146.42. The Department of Taxation combined the two estates in determining the inheritance tax assessment and the rate of tax instead of computing them separately. By this method the Department of Taxation assessed a total tax of $6,996.41, which was paid by applicant. Appellant properly conceded that the Department of Taxation's action in combining the two estates was in contravention of a decision of this court (*Commonwealth v. Carter*, 198 Va. 141, 92 S. E. 2d 369) and that appellee is entitled to a refund of $1,500. Appellee admitted that his wife's separate estate which he inherited is subject to Virginia inheritance tax and the tax liability is $2,774.40. He denied the appointive property was subject to inheritance tax and asserted he is entitled to a refund of $4,072.01, which the court below allowed.

■ The sole question presented is whether the Virginia inheritance tax applies when a Virginia resident is the donee of a power of appointment created by a non-resident of Virginia in respect of intangible personal property held by a trustee outside Virginia and the donee exercises the power in her will in favor of a Virginia resident.

This question necessitates a consideration of two statutes at issue, §§ 58-152 and 58-157, Code 1950.

Section 58-152 provides in part as follows:

"State inheritance taxes as hereinafter prescribed are hereby levied upon the shares of the respective beneficiaries in all property within the jurisdiction of this Commonwealth, real, personal and mixed, and any interest therein, which shall pass:

"(1) By will or by the laws regulating descents and distributions;

"(2) By grant or gift made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor; * * *."

Section 58-157 reads:

"The provisions of the five preceding sections shall apply to the estate of every person who shall die after June twenty-first, nineteen hundred and forty and to all estates created by will which shall

vest in interest on or after such date; and the provisions of such sections shall apply to all estates of deceased persons which shall come into possession of beneficiaries by the exercise or relinquishment of powers after such date."

The inheritance tax imposed by § 58-152 is a succession tax, based upon the right to succeed to property or any interest therein, and not an estate tax which is laid on the right to transmit property. It is the value of the property succeeded to that determines the amount of tax. *Commonwealth* v. *Morris,* 196 Va. 868, 871, 86 S. E. 2d 135.

Appellant's constitutional authority to tax the property in question is not here involved. Appellee contends appellant has not elected to tax the property.

Davis having come into possession of the trust property pursuant to the exercise of the power of appointment by his wife, the donee of that power, § 58-157 is applicable. That being the case, it becomes of paramount importance to determine whether the appointed property is "within the jurisdiction of this Commonwealth" as provided in § 58-152. If it is in this jurisdiction either actually or constructively, then the inheritance tax applies. If it is not, such a tax cannot be levied.

In *Commonwealth* v. *Morris, supra,* William Morris in 1930, while living in London and domiciled in North Carolina, established an irrevocable trust with a New York trustee. The corpus consisted of securities he had acquired while he was living outside the United States and the trust property was never physically present in Virginia. By the terms of the trust he was to receive the income for life, then to his wife for her life, and then the corpus to others. Morris and his wife became domiciled in Virginia in 1940, where they lived until he died in 1950. The Commonwealth assessed an inheritance tax on Mrs. Morris' life estate in the trust. We held that the assessment was improper for the reason that the property was not within the jurisdiction of the Commonwealth. We said at page 877:

"* * * The appellee concedes that if Mr. Morris had been a resident of Virginia at the time he created the trust, or if he had retained a substantial measure of control over the trust property when he moved to Virginia, the doctrine of *mobilia sequuntur personam* would apply, the trust estate would have followed him here, and would have been within the jurisdiction of this Common-

wealth and subject to the inheritance tax imposed by § 58-152. We cannot say, however, that his retention of the life estate gave him such an interest in the trust estate as to cause it to follow him into this Commonwealth when he moved here, as against the stipulation that upon the execution of the trust indenture 'he completely and fully divested himself of any right, title, interest, control or incident of ownership of the trust corpus.' The share, *i.e.*, the life estate, of Mrs. Morris therein was not taxable under the provisions of § 58-152."

It will be noted the factual situation in the present case differs sharply from that in the *Morris* case. When Morris and his wife became residents of and domiciled in Virginia he had previously divested himself of any and all control over the trust corpus. By the terms of the trust Mrs. Morris was not given a power of appointment. She never had any control over the trust property in Virginia or elsewhere, the rights of the beneficiaries were fixed, and no act on the part of Mrs. Morris or her husband was necessary to or could affect the vesting of the property in the remaindermen. On the other hand Mrs. Davis was given powers of appointment of the trust property by her father, the settlor. She had the powers of appointment when she became a resident of Virginia. She had complete authority to transmit the property by her will to anyone. She exercised the powers of appointment in her will in favor of her husband while she was a resident of this Commonwealth and where she died, and he received the property only by virtue of her will. For all intents and purposes her control of the property was tantamount to ownership of it. The trust property which consisted of intangibles followed her into Virginia even though physically located in New York and remained with her until her death. Thus in *Curry* v. *McCanless*, 307 U.S. 357, 59 S. Ct. 900, 83 L. ed. 1339, as pointed out in the *Morris* case at page 873, "a power of appointment reserved by the settlor, a resident of Tennessee, in a trust transferring to a trustee in Alabama certain intangibles in that State and taxable there, was held to give the right to Tennessee also to tax the same intangibles on the death of the settlor."

The facts in *Commonwealth* v. *Carter*, *supra*, bear some similarity to those in the case at bar. There Robert Carter, a Virginia resident, died in 1888 leaving a will which gave to his daughter, Marion Carter Oliver, a power of appointment authorizing her to pass the appointive property to a descendant of his father bearing the name of Carter.

Mrs. Oliver, also a resident of Virginia, died testate on February 29, 1952. In her will she exercised the power of appointment designating her cousin, Charles Hill Carter, Jr., as the recipient of the appointive property. She also devised and bequeathed to him certain property which she owned in her own right. The Department of Taxation added the value of the appointive property to the value of the individual property and applied to the total the tax rate fixed by § 58-153. We held that the appointive property was assessable for inheritance tax under §§ 58-152 and 58-157, but it was error to combine the appointive property and the individual property and assess the inheritance tax on the total.

In that connection we cited *Davis* v. *Kendall*, 130 Va. 175, 107 S. E. 751, in which it was said that the appointee of the holder of the power takes title from the donor of the power, and that a power of appointment is not an estate but is an authority to create an estate or interest.

The authority to create an estate is the authority to determine who shall succeed to or take that estate and puts the complete control of the property in the hands of the donee of the power. Clearly Mrs. Davis, the donee of the power in this case, held and exercised in Virginia "a substantial measure of control over the trust property," which it was conceded in the *Morris* case would cause the doctrine of *mobilia sequuntur personam* to apply and bring the intangible property into the jurisdiction of the Commonwealth.

Appellant cites *Graves* v. *Schmidlapp*, 315 U. S. 657, 62 S. Ct. 870, 86 L. ed. 1097, 141 A. L. R. 948, in support of its contention. This case involved a New York tax statute imposing an estate tax. The question to be determined was "whether the due process clause of the Fourteenth Amendment precludes New York from taxing the exercise, by a domiciled resident, of a general testamentary power of appointment of which he was the donee under the will of a resident of Massachusetts, the property appointed being intangibles held by trustees under donor's will." The constitutional power of New York to levy the tax was upheld.

At page 660 it was said:

"For purposes of estate and inheritance taxation, the power to dispose of property at death is the equivalent of ownership. *Bullen* v. *Wisconsin*, 240 U. S. 625; *Whitney* v. *Tax Comm'n*, 309 U. S. 530, 538; see Gray, Rule Against Perpetuities, 3d ed. 1916, § 524. It is a potential source of wealth to the appointee. The disposition of

wealth effected by its exercise or relinquishment at death is one form of the enjoyment of wealth and is an appropriate subject of taxation. * * *"·

And on pages 661, 662, 663 it was stated:

"In numerous other cases the jurisdiction to tax the use and enjoyment of interests in intangibles, regardless of the location of the paper evidences of them, has been thought to depend on no factor other than the domicile of the owner within the taxing state. And it has been held that they may be constitutionally taxed there even though in some instances they may be subject to taxation in other jurisdictions, to whose control they are subject and whose legal protection they enjoy. And such interests taxable at the domicile of the owner have been deemed to include the exercise or relinquishment of a power to dispose of intangibles. *Chanler* v. *Kelsey*, 205 U. S. 466; *Bullen* v. *Wisconsin, supra*; cf. *Orr* v. *Gilman*, 183 U. S. 278; *Saltonstall* v. *Saltonstall*, 276 U. S. 260.

"Decedent's complete and exclusive power to dispose of the intangibles at death was property in his hands in New York, where he was domiciled. *Graves* v. *Elliott, supra*. He there made effective use of the power to bestow his bounty on the widow. Its exercise by his will to make a gift was as much an enjoyment of a property right as would have been a like bequest to his widow from his own securities. See *Helvering* v. *Horst*, 311 U. S. 112, 117. For such enjoyment of property rights, through resort to New York law, decedent was under the highest obligation to contribute to the support of the government whose protection he enjoyed in common with other residents. Taxation of such enjoyment of the power to dispose of property is as much within the constitutional power of the state of his domicile as is the taxation of the transfer at death of intangibles which he owns.

"Since it is the exercise of the power to dispose of the intangibles which is the taxable event, the mere fact that the power was acquired as a donation from another is without significance. We can perceive no ground for saying that its exercise by the donee is for that reason any the less the enjoyment of a property right, or any the less subject to taxation at his domicile. The source of the power by gift no more takes its exercise by the donee out of the taxing power than the like disposition of a chose in action or a share of stock, ownership of which is acquired by gift."

Appellee argues that Virginia taxes only the receipt of property

as the result of death; that she does not tax the receipt of property by a Virginian from a non-resident; that when property is received pursuant to the exercise of a power of appointment, the tax is imposed in respect of receipt from the donor of the power rather than from the donee.

Mrs. Davis, donee of the two powers of appointment, had the power to dispose of the trust property at her death, and for estate and inheritance tax purposes that power is the equivalent of ownership. *Graves* v. *Schmidlapp, supra,* at p. 660. When she established her residence and domicile in Virginia the trust property, which consisted solely of intangibles, followed her to Virginia even though the securities were at all times physically located in New York. They remained with her in Virginia until her death. Our conclusion is that the appointive property was "within the jurisdicton of the Commonwealth" and was assessable with an inheritance tax under §§ 58-152 and 58-157, Code 1950.

The order appealed from is reversed and remanded for the entry of an order in accordance with the views herein expressed.

*Reversed and remanded.*