## CIRCUIT COURT OF FAIRFAX COUNTY

R & B Tysons Corner Venture

v.

Fairfax County

June 5, 1996

Case No. (Law) 134034

By Judge Arthur B. Vieregg

The plaintiff, R & B Tysons Corner Venture, operates an apartment complex in Fairfax County, Virginia, known as the Oakwood Apartments. The defendant Fairfax County has levied a "transient tax" against Oakwood rents received pursuant to individual apartment leases of 30 days or more. R & B initiated the captioned tax correction action pursuant to Virginia Code § 58.1-3980 challenging the County's authority to tax such rents.

### Issue Presented

Virginia Code § 58.1-3819, which authorizes Virginia counties to enact and impose transient taxes (the "Enabling Statute"), only authorizes such taxes on rents from lodging let for less than 30 days. The limitation in the Enabling Statute authorizing counties to enact and impose taxes on rents from lodging tenancies of less than 30 days will hereafter be referred to as the "30 Day Rule." The Fairfax Transient Tax Ordinance[1], however, authorizes the Fairfax County Government to impose transient taxes on rents from lodging tenancies of up to 90 days ("90 Day Provision"). On account of the apparent incompatibility between the 30 Day Rule and the 90 Day Provision, R & B contends that although the 90 Day Provision historically may have been authorized by the General Assembly, that authorization

---

[1] Fairfax Code § 4-13-1(a)(6) ("Fairfax Ordinance").

was abrogated by 1985 amendments to the Enabling Statute, and therefore the 90 Day Provision is unenforceable. The County does not contest R & B's Dillon Rule premise that the General Assembly must have authorized the County to impose the 90 Day Provision for the Provision to be enforceable. The County, however, contends that despite the presence of the 30 Day Rule, other language in the Enabling Statute "grandfathers" the 90 Day Provision. This "grandfathering" language in the Enabling Statute relied upon by the County is referred to in this letter opinion as the "Savings Clause."

The parties have filed cross-motions for summary judgment framing the issue:

> Do the provisions of the Savings Clause preserve Fairfax County's authority to impose a transient tax against lodging rents from tenancies of more than 30 days or are such assessments proscribed by the 30 Day Rule?

The Parties argued their cross-motions on May 24, 1996, after which I took them under advisement. I am now prepared to decide the question presented.

### The Fairfax Ordinance

In 1970, the Virginia General Assembly enacted the first version of the Enabling Statute. It provided, in pertinent part:

> The governing body of [Fairfax and Arlington Counties are] authorized to levy a transient occupancy tax on hotels, motels and boarding houses. Such tax shall be in such amount and *on such terms as the governing body may, by ordinance, prescribe*
>
> . . . .

Va. Code § 58.1-76.1 (emphasis added). In 1972, Fairfax County enacted the Fairfax Ordinance "on such terms" as the Board of Supervisors prescribed. One of those terms was the 90 Day Provision.

### The Enabling Statute

The current version of the Enabling Statute provides in pertinent part:

> Any county, by duly adopted ordinance, may levy a transient occupancy tax on hotels, motels, boarding houses and travel campgrounds. Such tax shall be in such amount and on such terms as the governing body may, by ordinance, prescribe, how-

ever, such tax shall not exceed two percent of the amount of charge for the occupancy of any room or space occupied . . . . The tax imposed hereunder shall not apply to rooms or spaces rented for continuous occupancy by the same individual or group for thirty or more days in hotels, motels, boarding houses and travel campgrounds.

*Nothing herein contained shall affect any authority heretofore granted to any county, city or town to levy such a transient occupancy tax.* The county tax limitations imposed pursuant to § 58.1-3711 shall apply to any tax levied under this section, mutatis mutandis.[2]

Va. Code § 58.1-3819 (emphasis added). The first sentence of the second paragraph of Virginia Code § 58.1-3819 quoted above is the Savings Clause which, according to the County, legitimated the 90 Day Provision of the Fairfax Ordinance.

### The Parties' Plain Meaning Arguments

Where courts of law are required to interpret statutes, well-established rules of statutory interpretation require courts to determine the meaning of the statute by examining all of the statute's language, and, if possible, by interpreting the statute consistently with the plain meaning of the words used by the legislature. *VEPCO v. Citizens for Safe Power*, 222 Va. 866, 869 (1981); *Brown v. Lukhard*, 229 Va. 316, 321 (1985); *School Bd. of Chesterfield County v. School Bd. of the City of Richmond*, 219 Va. 244, 250 (1964).

Fairfax County argues that when the plain meaning of the Enabling Statute language is considered as a whole, it is clear that by inclusion of the Savings Clause in the Statute, the General Assembly intended to preserve the County's historical authority to impose taxes on terms prescribed by its Board of Supervisors. The County therefore contends, by necessary implication, that the 90 Day Provision prescribed by the Fairfax Board of Supervisors was both authorized by the General Assembly and is enforce-

---

[2] Section 58.1-3711, referred to in the portion of the Enabling Statute quoted above, provides, with one exception, that county transient taxes shall not be levied within cities or towns in the county unless the governing body of the city or town provides that the county tax may be levied within the city or town. (The exception relates to tier-cities in counties, in which case both the county and the tier-city may levy taxes that together do not exceed the maximum tax permitted by the Enabling Statute.)

able, although counties not enjoying similar historical transient tax prerogatives are bound by the limitations of the 30 Day Rule.

R & B also advances a plain meaning interpretation of the Enabling Statute. R & B maintains that the Statute's plain meaning demonstrates that the General Assembly intended that all counties be authorized to impose a transient tax but that such authority be limited by the 30 Day Rule.

### Decision

When the Enabling Statute is viewed in its entirety, the General Assembly's purpose in enacting the statute is manifest. It intended to grant all counties the power to enact and enforce transient taxes on terms prescribed by the governing body of those counties subject to three express limitations: (1) the 30 Day Rule; (2) the tax not exceed two percent of the amount of charge for the occupancy; and (3) the tax might not be assessed on lodging situated in cities and towns within counties, unless such assessments were approved by such cities or towns. It is also manifest, however, that by adopting the Savings Clause, the General Assembly intended that the terms of the Statute, including the foregoing limitations, would not affect *any* transient tax powers previously conferred by the General Assembly upon certain *counties*, cities, or towns:

> Nothing herein contained shall affect *any authority* heretofore granted to *any county*, city, or town to levy such a transient occupancy tax. Va. Code § 58.1-3819 [emphasis added].

The General Assembly's words are expansive[3] and unambiguous. They expressly state that other provisions of the Statute shall not affect ("Nothing herein contained shall affect") "any"[4] prior transient tax authority

---

[3] The statutory term "any authority" is expansive. However, such broad statements do not give rise to an ambiguity if the legislative intent is, as here, clear. *Diggs v. Commonwealth*, 6 Va. App. 300, 302 (1988).

[4] Although not argued, it might be suggested that the Savings Clause literally means that the Statute was not intended to abrogate the power of counties, such as Fairfax, which had earlier been granted transient tax authority, to enact any transient tax. Such an interpretation is illogical. The Statute's other provisions expressly confer the right to impose a transient tax upon all Virginia counties; therefore, such a protective provision would be unnecessary. Moreover, the General Assembly's use of the adjective "any" before the phrase, "authority . . . to levy such a transient occupancy tax," tends to emphasize that it is not merely the power to assess any transient tax which is preserved

granted to "any" county ("any authority heretofore granted to any county ... to levy such a transient tax."). The foregoing plain meaning interpretation of the Statute is consistent with that advanced by the County.

R & B's oppositional plain meaning interpretation of the Statute, however, is unpersuasive. It fails to ascribe any meaning to the specific language employed by the General Assembly in the Savings Clause. *See, Raven Red Ash Coal Corp. v. Absher*, 153 Va. 332, 335 (1929); *Burnette v. Commonwealth*, 194 Va. 785, 788 (1953). The failure of R & B to advance such a plain meaning analysis of the Savings Clause confirms that when the Statute is considered in its entirety, only one meaning can reasonably be ascribed to the Statute's language: all historical taxing prerogatives of counties, as well as cities and towns, were preserved by the Savings Clause.[5]

While the purpose and effect of the Enabling Statute is otherwise plain and unambiguous, its language does not identify the specific counties enjoying historical transient tax prerogatives protected by the Savings Clause. Application of rules of statutory construction, including the statute's legislative history, is appropriate to resolve this ambiguity. *Brown*, 229 Va. at 321 ("Language is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously."). The Enabling Act's history prior to 1985 shows beyond peradventure that Fairfax County enjoyed the prerogative to enact and impose transient taxes on any terms prescribed by its board of supervisors, and R & B does not deny that Fairfax County enjoyed such broad transient tax power. *Joint Stipulation of Facts*, No. 10. Accordingly, the County's prerogative to enact and enforce a transient tax containing the 90 Day Provision is preserved by the Savings Clause.

For the foregoing reasons, I conclude that the plain meaning of the Enabling Statute, with particular reference to the Savings Clause, is that

---

but rather all specific taxing powers earlier enjoyed. Hence, the Savings Clause must *not* have been intended to protect the right of specific counties to enact and impose any transient tax but rather was intended to preserve transient tax powers previously granted by the General Assembly, including transient powers not theretofore curbed by the 30 Day Rule.

[5] R & B counsel contended during oral argument that the Savings Clause was comprised of language customarily employed by the General Assembly in amending tax laws to make plain that prior taxes assessed under the former law would not be affected by an amendment to that statute. Counsel, however, presented neither decisional law nor examples of other tax laws to bolster that proposition.

Fairfax County, which prior to the enactment of the 30 Day Rule was empowered by the General Assembly to levy transient taxes "on such terms as [its] governing body, by ordinance, [might] prescribe," 1970 Va. Acts, ch. 443, continues to enjoy those historical taxing prerogatives. Among those prerogatives is the power to levy transient taxes against lodging occupancies of 30 days or more.

### R & B's Other Arguments

In addition to its plain meaning argument, rejected above, R & B also presented a patchwork of other arguments. Most are based upon rules of statutory construction which are inappropriate, where, as here, the language used by the legislature in adopting that statute makes plain the statute's meaning.

> If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. *School Board of Chesterfield County v. School Board of the City of Richmond*, 219 Va. 244, 250 (1978). When an enactment is clear and unequivocal, general rules for construction of statutes of doubtful meaning do not apply. *Id.* at 250-51. Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning. *City of Portsmouth v. City of Chesapeake*, 205 Va. 259, 269 (1964). And, when an enactment is unambiguous, extrinsic legislative history may not be used to create an ambiguity, and then remove it, where none otherwise exists. *See Cohan v. Thurston*, 223 Va. 523, 525 (1982).

*Brown*, 229 Va. at 321 (parallel citations omitted). R & B's additional arguments all run foul of the above principles.[6] Several, however, deserve additional comment in view of the time, effort, and space devoted by R & B to them.

---

[6] For example, R & B advances one such rule of construction: tax statutes are construed against the taxing authority. R & B refers this Court to the decision of the Supreme Court of Virginia in *Commonwealth v. Appalachian Elec. Power Co.*, 193 Va. 37, 46 (1951). In that decision, the Court expressly negated the application of this secondary rule of statutory construction if the meaning could be gleaned from the legislature's words adopted in the statute.

R & B contends that the County's own conduct demonstrates that the County's transient tax powers were, after 1985, limited by the 30 Day Rule. R & B emphasizes that in 1985, the County discontinued taxing towns within its borders. Thus, R & B argues, the County acquiesced in the Attorney General's opinion that the Savings Clause did not protect any transient tax prerogatives earlier enjoyed by the County.

R & B's argument that Fairfax County unilaterally surrendered the prerogative not to tax towns within its borders is, at best, a disfavored secondary rule of statutory construction, and at worst, not a rule at all. It is apparently an extrapolation from the recognized rule of statutory construction that, if the meaning of a statute is otherwise unclear, a state agency's implementation of the statute may indicate the statute's meaning. *See Superior Steel Corp. v. Commonwealth*, 147 Va. 202, 206 (1927). No Virginia cases have been found, however, holding that local government actions in implementing a law of the General Assembly is similarly indicative of the General Assembly's intent in enacting those statutes. Nor does R & B advance any such authority. Furthermore, such a putative interpretation is not entitled to great weight. Many plausible reasons, wholly unrelated to the purposes of the General Assembly in enacting the Enabling Statute, might be advanced as to why Fairfax County would elect to discontinue levying transient taxes against lodging in towns within its borders. To name but one, the Fairfax Government might have concluded that such double taxation would have unacceptably injured the Fairfax County hotel industry.[7]

R & B also heavily relies upon a 1986 opinion from the Office of the Attorney General. *See Att'y Gen. Op.*, 319-20 (1985-86). The opinion addressed the question of whether Loudoun County could continue to exercise its historical prerogative to levy transient taxes in the Town of

---

[7] R & B also argues that the meaning of the present Enabling Statute can be determined by the fact that after the 30 Day Rule was added to the Statute in 1977, Arlington County amended its transient tax ordinance to limit transient taxes to rents from lodging of less than 30 days. Arlington County, Va., Ordinances, ch. 40, § 40-1(e) (June 4, 1977). Although superficially appealing, this argument is unpersuasive for several reasons. First, Fairfax County did not amend its Ordinance to conform to the 30 Day Rule, which is consistent with the General Assembly's intention to exempt those counties with historical transient tax prerogatives from the 30 Day Rule. Second, the argument is subject to the same infirmities as the argument advanced with respect to Fairfax County's decision to cease taxing cities and towns within its borders after the adoption of the present statute.

Leesburg since the Town also had adopted such tax. The Attorney General opined:

> The manifest intent of the General Assembly in adding [the sentence following the Savings Clause] . . . was to prohibit, without the town's consent, the imposition of a county transient occupancy tax within the corporate limits of the town which is located within that county and which imposes a similar tax.

*Id.*

Based upon the Attorney General's Opinion, R & B contends that if the General Assembly had intended to abrogate some of the historic transient tax powers enjoyed prior to the 1985 amendment by the ten Virginia counties (including Fairfax County and Loudoun County), it must also have intended to abrogate all such non-conforming historic prerogatives, including Fairfax County's 90 Day Provision.

R & B's reliance upon the Attorney General's Opinion with respect to the issue presently before this Court, however, is misplaced. To begin with, the Opinion does not purport to address the issue of to what degree the Savings Clause protects the prerogatives of counties, such as Fairfax County, to assess transient taxes which do not conform to the 30 Day Rule. Furthermore, the logic of the Attorney General's Opinion is that (1) the General Assembly intended that all Virginia counties be granted the power to impose a transient tax; (2) the Savings Clause protected "any authority heretofore granted to any *county*, city or town"; but (3) the sentence following the Savings Clause was included to make plain that counties enjoying historic transient occupancy tax prerogatives pursuant to the Savings Clause nevertheless could not levy transient taxes against cities and towns within the county's boundaries without the consent of such cities or towns. Although this Court does not adopt the Attorney General's interpretation,[8] in part because the Attorney General fails to interpret the precise words employed by the General Assembly, it is nev-

---

[8] As suggested earlier in this opinion letter, the plain meaning of the Savings Clause is that "[n]othing herein contained" would "affect" historical transient tax prerogatives enjoyed by counties such as Fairfax prior to 1985. In effect, the Attorney General advances an interpretation which would infuse added meaning to that sentence, i.e. "[n]othing herein contained, *except the second sentence of this paragraph,* shall affect" such prerogatives. Courts cannot, by construction, interpolate into statutes words which do not appear there, when such interpolation is not plainly deducible from the context or other portions of the act, and when the omission would not render the act incongruous or

ertheless clear that the Opinion does not support R & B's contention that the Savings Clause does not protect Fairfax County's power to levy taxes on lodging leased for periods in excess of those permitted by the 30 Day Rule. Accordingly, the Attorney General's Opinion does not lend weight to R & B's argument.

For the foregoing reasons, partial summary judgment is granted in favor of the County.

---

unintelligible, nor lead to absurd results. *Johnson v. Barham*, 99 Va. 305, 309 (1901); *Chesapeake & O. Ry. Co. v. Hewin*, 152 Va. 649, 654 (1929).